[Washington v. The State.]

# Washington *v.* The State.

## *Indictment for Forgery.*

1. *Criminal practice; holding defendant to answer new indictment.* Where, on the trial of a criminal case, a variance between the indictment and the evidence develops, it is improper for the court to withdraw the case and hold the defendant to answer a new indictment, unless he refuses to allow the indictment to be amended.

2. *Evidence; handwriting.*—A witness who knows the signature of a person, whose name appears to be signed to a paper, is as competent to testify as to the genuineness thereof, as the person whose name appears to be signed thereto.

3. *Same; same; comparison of writings.*—On the question of the genuineness of writing, it is not allowable for either witness or juries to compare the handwriting of papers, not in evidence for other purposes, with the disputed writing or signature.

APPEAL from Jefferson Criminal Court.

Tried before Hon. SAMUEL L. WEAVER.

The appellant, Frank Washington, was tried upon an indictment charging him with the forgery of the name of the Hunter Brick Company, a partnership composed of John W. Hunter, William H. Merritt and James H. Hunter, to an order for certain merchandise. The defendant first plead former jeopardy, setting up in his plea a former indictment, which differed from the present one, in that therein the Hunter Brick Company was alleged to be a partnership composed of J. W. Hunter and W. H. Merritt only. The plea further set up an order of court reciting that, as the variance appeared on the trial, and the defendant "Refusing to allow the indictment, the prosecution is dismissed before the jury retires, and the defendant is ordered held to await another indictment."

This plea was stricken from the files and the defendant tried upon the plea of not guilty. One W. H. Graham testified that he conducted a store in East Birmingham and had the defendant employed as a porter in the store. That he had an arrangement with the Hunter Brick Company by which he filled orders given on him by them. That one order to give one Robert Hardie five dollars in merchandise, was refused by the Brick Company, on the ground that it was a forgery. This witness said that, suspecting the defendant, he tried to get a specimen of his handwriting, and for that purpose asked him to make a list of certain goods. That he did not see the defendant do the writing, but when he returned with it, witness asked to see the writing, and defendant said, "You cannot read my writing." On cross-examination this witness was asked the following questions: 1. "State whether or not you took and honored orders of like kind from other companies or parties in that community." 2. "Is it not a fact that, at one time before the arrest of the defendant, a little child brought an order to you, and you could not read it or understand it, and you called the defendant and asked him in regard to the order?" 3. "Is it not a fact that, at the time the orders were coming in more rapidly than before, that a party came in with two orders from other parties to have cashed, and in one of the orders the amount was left blank?" The court sustained objections to each of said questions. John W. Hunter testified, against objection of the defendant, that he knew the handwriting of J. H. Hunter, and that the order alleged to have been forged was not in the handwriting of said J. H. Hunter, who was then absent from the State. It was shown that the order in question was presented by the defendant. A witness, who qualified as an expert on handwriting, was allowed to examine the order in question, and the list of goods alleged to have been made by the defendant, and testified that they were written by the same person.

The defendant was convicted and appeals.

No brief in record for appellant.

MASSEY WILSON, Attorney-General, for the State.

SIMPSON, J.—The matter of former jeopardy is not properly presented for consideration, but, as the case will have to be tried again, we call attention to the fact that the minute entry of the court, which is set out in the plea of former peopardy (which was stricken out), does not show that the defendant refused to allow the indictment "To be amended." If the record here is a correct transcript of the original record, the order of the court was not in accordance with the statute.

There was no error in sustaining the objections 1, 2 and 3 to the questions by defendant, as the matters inquired of were entirely irrelevant to the issues involved in this case.

There was no merit in the objection to the testimony of W. H. Merritt and John W. Hunter, as to whether the signature to the paper was in the handwriting of the absent partner, James H. Hunter. The testimony of the writer himself is not of higher grade than that of one who knows his signature, and in this case he was proven to be out of the State.—*McCaskle v. Amarine,* 12 Ala. 17; 15 Am. & Eng. Ency. Law, (2d ed.) p. 254; *Karr v. State,* 106 Ala. 1, 7.

The court erred in admitting, over the objection of defendant, the inventory which was supposed to have been written by the defendant, for the purpose of comparison, and in permitting the witness to compare said paper with the forged instrument for the purpose of testifying as to the similarity of the writing on that paper with the writing and signature of the forged instrument. The rule of law is that it is not allowable for either witnesses or juries to compare the handwriting of papers, not in evidence for other purposes, with the disputed writing or signature.—*Kirksey v. Kirksey,* 41 Ala. 626, 636, 640; *Williams v. State,* 61 Ala. 33, 39.

The judgment of the court is reversed and the cause remanded.

McCLELLAN, C.J., TYSON and ANDERSON, J.J., concurring.