(76 South. 861)

SAIBARA v. YOKOHAMA NURSERY CO.
(1 Div. 996.)

(Supreme Court of Alabama. Nov. 29, 1917.)

1. SALES ⬤➔442(11)—BREACH OF WARRANTY—DAMAGES.

In a suit on a note for the price of "trifoliata," defendant recouping for damages for breach of warranty in excess of the price, though the trial court, in disallowing plaintiff a judgment on the note, found that they were diseased at the time of sale, the finding did not compel judgment for damages for defendant in excess of the price, even if the special pleas were sufficient as a cross-complaint for special or consequential damages; the trial court being authorized to find that the damages awarded were all that naturally arose according to the usual course of things, and that the damages in excess of the sum awarded were of such a special character as not to have been within the contemplation of the parties.

2. SALES ⬤➔445(1)—BREACH OF WARRANTY—DAMAGES—QUESTION FOR JURY.

In a suit on notes, one for the price of orange trees, one for the price of "trifoliata," whether special damages claimed by defendant for breach of warranty were within the warranty, and the amount of damages to be awarded for the breach, were questions for the jury, and their verdict would not ordinarily be disturbed.

3. APPEAL AND ERROR ⬤➔1012(1)—REVIEW—JUDGMENT AND CONCLUSION OF COURT.

Though a case was tried by the court without a jury, where the evidence was ore tenus, or partly so, the judgment and conclusion is like the verdict of a jury, and will not be disturbed by the Supreme Court unless plainly contrary to the great weight of evidence.

Appeal from Circuit Court, Mobile County; Samuel B. Browne, Judge.

Suit between S. Saibara and the Yokohama Nursery Company. From a judgment in part for plaintiff failing to give defendant judgment over on plea of recoupment or set-off, defendant appeals. Judgment affirmed.

Rickarby & Austill, of Mobile, for appellant. Webb, McAlpin & Grove, of Mobile, for appellee.

ANDERSON, C. J. This suit is upon two promissory notes, one for $1,426.35 for the purchase price of satsuma orange trees, and one for $1,167.85 for the purchase price of "trifoliata." The trial court found for the plaintiff upon the first note holding, in effect, that the satsuma trees came up to the contract, and that there was no breach of warranty or failure of consideration as to the sale of same. The trial court, however, rendered judgment for the defendant upon the other note upon the evident theory that the said "trifoliata" was diseased at the time of sale, and was of no value, or else there was a breach of warranty as to the soundness of same with such damage as equaled the amount of the note. The trial court did not give judgment over to the defendant upon its plea of recoupment or set-off as for damages in excess of the purchase price or value of the trees, and this failure to award the defendant a judgment over is the basis of the present appeal and the point upon which a reversal is sought.

[1] It is evident that the trial court in disallowing the plaintiff a judgment on the $1,167.85 note necessarily found that the "trifoliata" was diseased at the time of the sale, but this did not compel a judgment for damages in excess of the sum given, even if the special pleas were sufficient as a cross-complaint for special consequential damages. The trial court was authorized to find from the evidence that the damages awarded were all that naturally arose according to the usual course of things, and that the damages in excess of the sum awarded was of such a special and consequential character as to have not been within the contemplation of the parties when making the contract, as there was no evidence that plaintiff knew of the disease to plants or could have known of same when making the sale. Benj. on Sales, §§ 870, 871.

[2] In other words, whether or not the special damages claimed and sustained was within the warranty, and the amount of damages to be awarded for the breach of the warranty, would be a question for the jury, and their verdict would not ordinarily be disturbed by the appellate court. Dill v. O'Ferrell, 69 Ind. 500; Otto v. Braman, 142 Mich. 185, 105 N. W. 601.

[3] It is true the case at bar was tried by the court without a jury, but, as the evidence was ore tenus, or partly so, the judgment and conclusion is like unto the verdict of a jury, and will not be disturbed by this court unless plainly contrary to the great weight of the evidence. Hackett v. Cash, 196 Ala. 403, 72 South. 52; Finney v. Studebaker, 196 Ala. 422, 72 South. 54.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

---

⬤➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes