(82 South, 135)

WINSTON v. MORRISETTE. (2 Div. 680.)

(Supreme Court of Alabama. May 22, 1919.)

1. APPEAL AND ERROR ⬤══1008(1)—REVIEW—FINDINGS OF FACT.

Where the evidence in proceedings to compel settlement and distribution by an administrator, petitioner's legitimacy being in issue, is taken ore tenus, the court's conclusion that petitioner was illegitimate is to be treated on review like the verdict of a jury on a like issue.

2. MARRIAGE ⬤══48—EVIDENCE ADMISSIBLE—REPUTATION.

In a proceeding to compel an administrator to settle and distribute the estate, wherein petitioner's legitimacy was in issue, a question whether witness heard that at one time petitioner's mother "was being married" to deceased was properly excluded, as not being within the rule permitting evidence of reputation consequent upon cohabitation as husband and wife.

Appeal from Probate Court, Hale County; W. E. Torbert, Judge.

Suit by Clara M. Winston against Samuel Morrisette, administrator of the estate of Perry Morrisette, for a settlement of the estate. Decree for defendant, and plaintiff appeals. Affirmed.

R. B. Evins, of Greensboro, for appellant. Thomas E. Knight, of Greensboro, for appellee.

McCLELLAN, J. Perry Morrisette, a negro, died in August, 1914. His son Samuel was appointed the administrator of his estate by the probate court of Hale county. On June 13, 1916, Clara Morrisette Winston filed a petition, in which she averred that intestate was her father, and that she was a distributee of his estate. The prayer sought a citation to the administrator, requiring him to appear and show cause why he should not make a partial or annual settlement of the estate, in the discharge of which duty he was in default. "It was admitted that all the allegations of this petition were true, except the allegation that said Clara Morrisette Winston was a legitimate daughter of Perry Morrisette. * * *" After the examination of many witnesses before the court, the stated issue of fact was decided against the petitioner.

[1] Since the evidence was taken ore tenus, the conclusion attained by the court is to be considered and treated on review like the verdict of a jury on a like issue, and will not be disturbed unless plainly contrary to the great weight of the evidence. Darrow v. Darrow, 78 South. 383, 384, 385;[1] and Saibara v. Nursery Co., 76 South. 861,[2] among others to the same effect. So, the question here is whether the conclusion attained below, on the single issue contested, is plainly contrary to the great weight of the evidence. The court below saw and heard the witnesses deliver their testimony. The petitioner's legitimacy depended upon whether decedent in fact became the husband of petitioner's mother, Julia Portis, under a ceremony, petitioner claims, performed in 1867, followed by cohabitation and conduct consistent with a marital relation. The evidence opposed to these claims of the petitioner instituted a positive conflict as to the truth, in fact, of petitioner's claims. It is argued that the testimony of Mr. Morrisette, who formerly owned Perry, and on whose farm, occupied by the witness, he testified Perry lived from 1863 to 1869, upon the vital issues of fact was only negative. It has been carefully considered, and this court is of the opinion that his testimony is, in its very nature positive, not negative. After deliberate consideration of the whole evidence, this court is not convinced that the conclusion attained by the trial court is plainly contrary to the great weight of the evidence.

[2] The question propounded to the witness Portis, "Did you hear at one time in 1867 that she (i. e., Julia Portis) was being married to Perry Morrisette?" did not fall within the rule permitting evidence of reputation consequent upon cohabitation, etc., as husband and wife. 26 Cyc. p. 888. The question, as appears from its terms, sought to elicit testimony referable alone to the act, the fact that Julia was being married to the decedent. The court did not err in declining to permit the quoted question.

The decree appealed from is not affected with error. It is affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

⬤══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 201 Ala. 477.   [2] 200 Ala. 525.