(86 South. 646)
**McSWEAN v. McSWEAN. (4 Div. 889.)**

(Supreme Court of Alabama. Oct. 21, 1920. Rehearing Denied Nov. 18, 1920.)

**1. Deeds ⚖️155—Grantee's agreement to support construed with reference to parties' circumstances in life.**

Grantee's agreement "to take care of, support, clothe, maintain" grantor during her life, is to be construed with reference to the condition, degree, and circumstances in life of the parties.

**2. Deeds ⚖️155—Ejusdem generis rule applicable in construing grantee's agreement to support.**

Under deed requiring grantee "to take care of, support, clothe, maintain and do whatever else may be necessary to make me (the grantor) reasonably comfortable during" her life, the provision for doing whatever else necessary to make the grantor comfortable during her life, under the ejusdem generis rule, applies only to the things or objects of the same general nature or classes enumerated.

**3. Deeds ⚖️155—Instrument held to convey land subject to condition subsequent, and not to create tenancy at will.**

Deed requiring grantee to support grantor during her lifetime, and providing that, should grantor die "without having this deed of conveyance declared null and void by a proper proceeding in court or otherwise, this shall be conclusive that the said R. (grantee) has faithfully carried out the condition of this deed of conveyance," *held* to convey the land subject to a condition subsequent, and not to create a tenancy at will; it being necessary for grantee to breach such condition to authorize grantor to declare conveyance void.·

**4. Deeds ⚖️168—Burden of proving breach of condition subsequent on grantor seeking cancellation.**

In grantor's suit to declare deed void for nonperformance of condition subsequent, grantor has burden of proving such breach.

**5. Appeal and error ⚖️499(3), 501(3)—Objections and exceptions to testimony should be shown and noted by register.**

On introduction of testimony orally in open court, objections and exceptions made to and taken should be shown and submission thereon noted by the register to indicate that they were not waived and that the attention of the court was directed thereto.

**6. Appeal and error ⚖️931(6)—Trial court presumed to have considered only legal evidence in absence of objection and exception.**

In the absence of objection and exception to testimony given orally in open court, it is

presumed that the trial court considered only legal evidence.

**7. Appeal and error ⬯1008(1)—Trial court's findings on ore tenus testimony given same weight as verdict.**

The appellate court accords to the trial court findings of fact, on testimony taken ore tenus, the same weight and credence, and indulges the same presumption in favor thereof, as it would in favor of the verdict of a jury rendered on the same facts.

**8. Deeds ⬯168—On death of grantee, equity will subject property to discharge of conditions as to support of grantor.**

On death of grantee who is required, as condition subsequent in deed, to support the grantor during her lifetime, a court of chancery will subject the property to a due and necessary discharge of the conditions of the trust.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Bill by Elizabeth McSwean against R. L. McSwean to declare null and void a conveyance executed by her because of a failure to observe a condition subsequent. Decree for respondent, and complainant appeals. Affirmed.

The case made is that of an old woman conveying what was left her to a nephew in consideration of his care for her for the balance of her life, with the usual charges of mistreatment and falling out.

H. L. Martin, of Ozark, for appellant.

Counsel discussed the evidence, but cites no authority in support of his contention that the court erred in the decree· rendered.

Riley & Stokes and Sollie & Sollie, all of Ozark, for appellee.

Counsel discuss the assignments of error and reply to the argument of counsel for appellant, but cite no authorities, further than to show that the presumptions are all in favor of the ' opinion of the court, and that therefore it could not be disturbed.

THOMAS, J. This bill was for the cancellation of a deed containing a condition subsequent, the nonobservance of which resulted in a forfeiture of estate at the election of the grantor. First Nat. Bank v. McIntosh, 201 Ala. 649, 79 South. 121, L. R. A. 1918F, 353.

The pertinent conditions of the instant conveyance exhibited with the bill are:

" * * * For and in consideration of $5.00 to me in hand paid by R. L. McSwean, the receipt whereof is hereby acknowledged, and, in consideration further that the said R. L. McSwean has heretofore rendered in valuable services in taking care of, supporting, clothing, maintaining and making me comfortable, and, in consideration also of the conditions of this deed of conveyance hereinafter expressed," grants, etc.

And—

"It is hereby agreed and understood that as a part of the consideration of this deed of conveyance the said R. L. McSwean is to take care of, support, clothe, maintain and do whatever else may be necessary to make me reasonably comfortable during my lifetime, and it is further agreed and understood that the absolute title to the said lands shall not pass unto the said R. L. McSwean until my death, but the said R. L. McSwean is to have possession and control of the said land during my lifetime, to cultivate, rent or lease the said lands and to keep the same under good repair, and the income therefrom, or so much as may be necessary is to be used in assisting him in taking care of, supporting, clothing, maintaining and keeping me reasonably comfortable during my lifetime, as above named and, at my death, the absolute title to the said land shall pass into the said R. L. McSwean, provided, only that the conditions herein expressed are faithfully carried out; If the said R. L. McSwean should neglect, fail or refuse to take care of, support, clothe, maintain and keep me reasonably comfortable, as above named, this deed of conveyance shall become null and void, and the title to the said lands revert back to me, on the condition that I pay the R. L. McSwean a reasonable amount for taking care of, supporting, clothing, maintaining and making me reasonably comfortable, as above named, the said amount of the reasonable value of his services to be ascertained with 8 per cent. interest thereon, less the net amount received by him as an income from the said lands up to the time his services named ceased to be rendered; and it is further understood and agreed that: Should I depart without having this deed of conveyance declared null and void by a proper proceeding in court, or otherwise, this shall be conclusive that the said R. L. McSwean has faithfully carried out the condition of this deed of conveyance which shall not be questioned by any person except myself during my lifetime, but this deed of conveyance shall be absolute to the said R. L. McSwean and shall not be declared null and void for any other cause except that the said R. L. McSwean shall fail or refuse to carry out the conditions herein named, the said R. L. McSwean in consideration of this deed of conveyance is to pay the taxes on the said lands from this date. * * *"

[1, 2] What then is the meaning of the condition "to take care of, support, clothe, maintain and do whatever else may be necessary to make me reasonably comfortable during" the grantor's life? The expressions "take care of," "support," "clothe," and "maintain" are used in their ordinary acceptation as applicable to the condition, degree, and circumstances in life of the parties. The immediately succeeding clause, "whatever else may be necessary to make me reasonably comfortable during" grantor's life, under the ejus-

dem generis rule, will apply only to things or objects of the same general nature or classes enumerated. State v. W. U. Tel. Co., 196 Ala. 570, 72 South. 99. Such is the analogy of Eskridge v. Ditmars, 51 Ala. 245, where, with respect to "articles of comfort" in the husband's "support of the household," it was held that "comfort" was synonymous with "maintenance" and embraced food, raiment, suitable habitation, medicines, and medical and surgical assistance.

[3, 4] It may be well to say that the provision in the conveyance, "it is further agreed and understood that should I depart [this life] without having this deed of conveyance declared null and void by a proper proceeding in court or otherwise, this shall be conclusive that the said R. L. McSwean has faithfully carried out the condition of this deed of conveyance," was not the creation of a tenancy at will. Without a forfeiture of the other conditions of the conveyance, the conveyance may not be declared null and void. The instrument in question was not a contract to convey real property, but was a conveyance, subject to the conditions subsequently contained therein. To authorize its vacation there must be a breach of its conditions on the part of the respondent; and this the burden was on the complainant to show.

Complainant's note of testimony contained no submission on objections and exceptions reserved to rulings of the trial court upon the admission or exclusion of testimony. Davidson v. Rice, 78 South. 862; [1] Potts v. Com'rs' Court, 203 Ala. 300, 82 South. 550; Turner v. Turner, 193 Ala. 424, 69 South. 503; Carson v. Sleigh, 201 Ala. 86, 77 South. 380.

[5, 6] A large part of the testimony was given orally in open court, and, if objections and exceptions were made and taken on the introduction of such evidence, the same should be shown and submission thereon noted by the register, to indicate that they were not waived and that the attention of the court was directed thereto. Harn v. Dadeville, 100 Ala. 199, 14 South. 9. In the absence of objection and exception to testimony, the presumption obtains that the trial court considered only the legal evidence; and, reviewing this finding, we will consider only the legal evidence in the record.

A question of fact was presented by the pleading and proof, and the court found for respondent. The burden of proof of breach of the condition subsequent by respondent was on the complainant; and, after examination of the record, we find no warrant for disturbing the decree rendered. The monthly allowance made for complainant's maintenance and comfort is sufficient for her needs and condition in life, and from this allowance there has been no cross-appeal by respondent.

[7] Aside from a consideration of the legal evidence supporting the decree, as to this and other questions presented by the assignments of error, the rule is applicable that, where any portion of the testimony is taken ore tenus before the trial court, the appellate court accords to the findings of fact by the trial court the same weight and credence, and indulges the same presumption in favor of the findings of the lower court as it would in favor of the verdict of a jury rendered upon the same facts, and will not set aside such findings by the trial court, unless upon the same facts it would set aside a like verdict of a jury thereon—unless plainly erroneous, contrary to the weight of the evidence. Ray v. Watkins, 203 Ala. 683, 85 South. 25; Andrews v. Grey, 74 South. 62; [2] Veid v. Roberts, 76 South. 934; [3] Saibara v. Nursery Co., 76 South. 861; [4] Darrow v. Darrow, 78 South. 383; [5] Deal v. Houston County, 78 South. 809; [6] Faulkner v. Fowler, 79 South. 257; [7] Cent. of Ga. Ry. Co. v. Clifton, 80 South. 36; [8] Clifford v. Montgomery, 202 Ala. 609, 81 South. 551, 552; Winston v. Morrisette, 203 Ala. 76, 82 South. 135.

The recent acts of the Legislature, regulating the taking of testimony orally in equity and common-law courts and prohibiting the indulgence of presumptions in favor of the findings of trial courts thereon (Acts 1915, pp. 705, 722 and 824), do not effect a change in the rule of presumption mentioned above. In the case of Hackett v. Cash, 196 Ala. 403, 72 South. 52, Chief Justice Anderson, speaking for the court, said:

"The Legislature evidently intended, by this act of 1915, to provide for trials without a jury in all courts unless it was demanded, and to do away with the necessity of excepting to the finding or conclusion upon the facts in order to review the same in the appellate court, but did not mean to override a long line of the decisions of this court as to what weight would or would not be accorded the conclusion of the trial court upon the facts. However, if it was otherwise intended, it would be an invasion of the judiciary to require this court to disregard the finding of the trial court upon facts when said trial court had a better opportunity to pass upon and consider the evidence than the appellate court."

[8] It is urged that, should respondent be prevented by his death from discharging his contract obligations to complainant, she would be without care, support, or maintenance. Such is not the case. A court of chancery would subject the property to a due and necessary discharge of the conditions of the trust. In fact, this is being done by the provisions of the decree for $40 per month since she left the home of R. L. McSwean and a like sum per month as long as she remains

---

[1] 201 Ala. 508.

[2] 199 Ala. 152.     [5] 201 Ala. 477.     [7] 201 Ala. 685.
[3] 200 Ala. 576.     [6] 201 Ala. 431.     [8] 202 Ala. 214.
[4] 200 Ala. 535.

away from his home, and in the provisions for medical services rendered complainant.

A discussion of the evidence in detail will subserve no good purpose.

The decree of the lower court is affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

───────────

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 632.