(90 South. 289)

### SPIVA et al. v. BOYD. (2 Div. 752.)

(Supreme Court of Alabama. Oct. 27, 1921.)

**I. Deeds ⬯70(6)—Grantee held to occupy relation of trust and bound to disclose bar of claim by limitations.**

Where defendant, a nephew of plaintiff's husband, lived in his uncle's family until he was 21 years old, and for several years before and after his uncle's death had attended to renting the farm and collecting rents, he stood in a relation of trust and confidence to plaintiff, and, in procuring a deed from plaintiff to him and his sister, was bound to inform plaintiff that a claim against her husband, which he urged as an inducement, had long since been barred by limitations.

---

**2. Appeal and error ☞1009(1)—Court's findings on oral testimony given the same force as a verdict.**

In suit to set aside a deed where the testimony was given orally in the presence of the trial court, the Supreme Court will give its findings the same weight and credence and indulge in their favor the same presumptions as in the case of a verdict of a jury.

**3. Deeds ☞211(3)—Refusal to give delay in repudiating deed conclusive effect held proper.**

While long acquiescence by a grantor without complaint may be strongly persuasive of the validity of the conveyance, such acquiescence is an indecisive circumstance, and the trial court properly refused to give it conclusive effect where the relationship of trust and confidence between the grantor and grantee continued for 10 years or more, the grantor's mental and physical condition grew progressively weaker, she was never informed of the invalidity of a claim against her deceased husband, urged as an inducement to the execution of the conveyance, and her possession and use of the premises were never disturbed or threatened.

**4. Deeds ☞70(1)—Facts held not to show grantor had benefit of independent advice.**

Though the deed sought to be set aside was drawn by complainant's own attorney, where it did not appear that he had any private consultation with her or that he was in any real sense her confidential adviser, and he was not informed as to the nature of the consideration operating on her mind, nor as to the weakened condition of her faculties, it could not be urged as a ground for refusing to set aside the deed that she had the benefit of confidential advice from her attorney.

**5. Cancellation of instruments ☞34(3)—Limitations or laches against setting aside not operative while undue influence continued.**

Neither limitations nor laches operated against a grantor's right to have a deed set aside for undue influence so long as the undue influence itself continued.

Appeal from Circuit Court, Wilcox County; B. M. Miller, Judge.

Bill by Mrs. Annie F. Boyd against E. D. H. Spiva and others to set aside and annul a deed. From a decree granting the relief prayed, respondents appeal. Affirmed.

Mrs. Boyd filed her bill in August, 1920, to set aside a deed executed by her in October, 1908, by which she conveyed to E. D. H. Spiva and his sister, Annie Spiva Oxford, a certain farm of 600 acres in Wilcox county, in which she expressly reserved a life interest for herself. The grantees were nephew and niece of the deceased husband of the grantor, and unrelated to her by blood. The complainant was about 62 years of age when she executed this deed, and said E. D. H. Spiva was 58. For several years before the death of his uncle, complainant's husband, which occurred in May, 1908, Spiva had attended to renting this farm for him and collecting the rents. He attended his uncle's funeral, and at that time reminded complainant that it was his uncle's wish that after her death this farm should go to him and his sister, and when he stopped over at complainant's house in October, 1908, he asked her if she had fixed up the papers for him and his sister which they had talked about in May, and she said she would do so while he was there, and the sequel was that Spiva went to town and brought out complainant's attorney, Clarence Jones, who prepared the deed in question after consultation with complainant, and also a deed giving the home place to her niece Miss Boykin, who lived with her, with a similar reservation of a life estate in the grantor. These deeds were executed and acknowledged at the same time. Spiva had lived in his uncle's family until he was 21 years old, 1871, and then moved away, and had seen them but seldom, not more than once a year during the several years preceding this transaction. He did not see complainant nor have any correspondence with her between the date of her husband's death in May, 1908, and this transaction in October. When he was with her in May, he told her he would look after renting this farm and collecting rents for her so she would have no worry about it. So far as appears, he was not her business adviser, and served her only as stated.

Sam Lee Jones, of Camden, and Craig & Craig, of Selma, for appellants.

There was nothing in the record to show that free agency was destroyed when the deed was made. 202 Ala. 43, 79 South. 381; 87 Ala. 685, 6 South. 95, 4 L. R. A. 637; 88 Ala. 462, 7 South. 250; 123 Miss. 857, 86 South. 625. The evidence likewise fails to establish any undue influence, or rather shows that complainant had the benefit of competent independent advice. 142 Ala. 586, 38 South. 754; 114 Miss. 665, 75 South. 451; 64 Fla. 190, 60 South. 789; 157 Ala. 278, 47 South. 584; 95 Ala. 494, 11 South. 204, 36 Am. St. Rep. 227; 88 Ala. 471, 7 South. 250; 145 Ala. 269, 40 South. 414, 117 Am. St. Rep. 41; 135 Ala. 335, 33 South. 902, and authorities supra. The action was barred by the statute of limitations of ten years. Subdivision 2, § 4834, Code 1907; 158 Ala. 318, 48 South. 507, 132 Am. St. Rep. 29; 128 Ala. 383, 30 South. 405; 93 Ala. 201, 9 South. 729; 77 Ala. 257; 86 Ala. 173, 5 South. 440.

Bonner & Miller, of Camden, for appellee.

The court committed no error in overruling the demurrers. 135 Ala. 354, 33 South. 161; 133 Ala. 548, 32 South. 58; 137 Ala. 267, 34 South. 228. The pleas were inapt. 122 Ala. 297, 25 South. 216; 164 Ala. 414, 51 South. 393; 190 Ala. 437, 67 South. 252; 132

Ala. 671, 32 South. 663. The court committed no error in its ruling on the evidence. 204 Ala. 663, 86 South. 647. The burden of proof was on the respondents to show that the transaction was fair, just, and equitable. 62 Ala. 347; 135 Ala. 304, 33 South. 659; 91 Ala. 229, 8 South. 658, 11 L. R. A. 515, 24 Am. St. Rep. 887. Spiva was guilty of fraud. Sections 4298–4299, Code 1907; 54 Ala. 532; 56 Ala. 198; 89 Ala. 427, 6 South. 741.

SOMERVILLE, J. [1] At the time when the complainant executed the deed which she here seeks to set aside, the procuring grantee undoubtedly stood in a relation of trust and confidence to the grantor, being not only a nephew of her husband's and in a sense a member of the family, with whom her relations were intimate and affectionate, but he occupied also the position of managing agent of the farm here involved.

In the case of Waddell v. Lanier, 62 Ala. 349, it was said:

"All transactions between trustee and cestui que trust, guardian and ward, attorney and client, principal and agent, parent and child, are narrowly watched and jealously scrutinized in courts of equity. In all the variety of the relations of life, in which confidence is reposed and accepted, and dominion may be exercised by one person over another, the court will interfere and relieve against contracts or conveyances, when they would abstain from granting relief, if no particular relation existed between the parties, in which trust and confidence was reposed and accepted, and there was not an opportunity for an abuse of confidence and the exercise of undue influence. * * * The relation of principal and agent is affected by the same consideration which influences the court in dealing with transactions between persons standing in other fiduciary relations. * * * It is * * * certain that agents are not permitted to become secret vendors or purchasers of property which they are authorized to buy or sell for their principals; or, by abusing their confidence, to acquire unreasonable gifts or advantages; or * * * to deal validly with their principals in any case, except when there is the most entire good faith, and a full disclosure of all the facts and circumstances, and an absence of all undue influence, advantage, or imposition."

That statement was approved in Burke v. Taylor, 94 Ala. 530, 532, 10 South. 129, 130, where it was further said:

"In all such cases, the burden rests on the party claiming under the deed, to prove satisfactorily that it is just, fair and equitable in every respect, and not on the party seeking to avoid it to establish that it is fraudulent."

The deed recites that it is made "for and in consideration of love and affection and other consideration and the further consideration of one dollar"; the "other consideration" being, according to the testimony of the grantee, Spiva, a claim by himself and sister against complainant's husband, as their legal guardian, for about $3,000 for money of theirs which they alleged he wasted.

This claim, artfully presented to the widow by Spiva, was undoubtedly the decisive factor in her inducement to make the deed. The claim was long since barred by limitations, if it ever had any valid foundation in fact. Spiva knew it was thus barred and unenforceable, and it was his duty to inform complainant of that fact when he urged it as a consideration for the grant—a duty which he did not perform.

So far as the parties to the deed are concerned, and for the purposes of this suit, the grant must therefore be regarded as a gift pure and simple.

[2] The testimony of the witnesses was given orally in the presence of the trial court, and this court will give to its findings of fact the same weight and credence, and indulge in their favor the same presumptions, as in the case of the verdict of a jury rendered on the same facts. McSwean v. McSwean, 204 Ala. 663, 86 South. 646.

From the whole evidence the trial court may well have found the following material and decisive facts: (1) That Spiva was the trusted agent of the grantor; (2) that there was also a relation of trust and confidence growing out of family and social relationship; (3) that the grantor was an aged woman without business experience or knowledge, and that her mental faculties and will power were greatly weakened by a chronic disease, a form of epilepsy; (4) that, by reason of those conditions, she was an easy prey to artful suggestion and persuasion on the part of Spiva; and (5) that, under those conditions, his will dominated hers, and she executed the deed as a result of his influence and domination, unduly exercised, and contrary to her own inclinations and desires and interests.

[3] We do not overlook the force of the principle, several times applied by this court, that long acquiescence by the grantor without complaint, though not operative as laches, may be strongly persuasive of the validity of the transaction. Frederick v. Hartley, 202 Ala. 43, 79 South. 381; Adair v. Craig, 135 Ala. 335, 33 South. 902. Such acquiescence is, however, an indecisive circumstance; and its force in the instant case is much weakened in view of the facts that the relationship of trust and confidence continued for ten years or more; that the grantor's mental and physical condition grew progressively weaker; that she was never informed of the invalidity of the inducement that contributed to her persuasion by Spiva; and that the grantor's possession and use of the premises were never disturbed or threatened by the operation of the conveyance.

Upon those considerations the trial court

may have reasonably refused to accord to complainant's delay any decisive effect in overcoming the general equity of the case. Much depended upon the credibility of the testimony, particularly of the respondent Spiva, upon whom rested the burden of proof, and we cannot say that the finding of the trial court is clearly wrong as opposed to the great weight of the evidence.

[4] Much stress is laid by appellants on the fact—testified to only by Spiva—that complainant's own attorney came to her home on the occasion in question and drew up the deed which she executed. But it does not appear that he had any private consultation with complainant, nor indeed that he was in any real sense her confidential adviser. He was not informed as to the nature of the consideration operating upon complainant's mind, nor as to the weakened condition of her faculties. He was simply instructed in Spiva's presence as to the terms of the deed which he was to prepare, and, so far as appears, his service and usefulness ended there. We think that it cannot be fairly urged, on the testimony in the record, that complainant had the benefit of confidential advice from her attorney as to the merit, fairness, or business policy of her proposed conveyance to Spiva.

The trial court evidently discredited some of the most material testimony of Spiva, and in view of his pecuniary interest, and of several rather pointed contradictions in his testimony, as developed by complainant's counsel on cross-examination, we cannot say that the court erred in its estimate of his testimony.

[5] In suits for relief on the ground of undue influence, neither limitations nor laches can begin to operate against the injured complainant so long as the undue influence itself continues. On the evidence before the trial court we cannot say that it clearly erred in holding that Spiva's influence continued to operate upon complainant's mind and will down to the time of her repudiation of the deed in 1920, or at least till within a short time before; and hence we cannot impute error to the rejection of the defenses of limitations and laches in this case.

Other features of the evidence are argued by counsel for appellants, which have had our full consideration; but, as their weight does not suffice to overturn the conclusions of the trial court, we refrain from specific comment.

On the whole case we are constrained to affirm the decree granting relief to the complainant, and our judgment will be entered accordingly.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.