(96 South. 610)

### BROWN v. WELCH.   (5 Div. 845.)

(Supreme Court of Alabama.   May 17, 1923.)

1. **Evidence** ⊚⟝474(14)—**Persons familiar with handwriting may make comparison notwithstanding lack of qualifications as expert.**

Under Gen. Acts 1915, p. 134, § 1, relating to the admission in evidence of disputed writings, a witness who is shown to be familiar with the handwriting of the person whose handwriting is in question may make comparisons between the alleged signature of the testator to a will and the admittedly genuine signature of such testator, notwithstanding his declaration that he is not a handwriting expert, and notwithstanding his qualifications or lack of qualifications as such expert.

2. **Wills** ⊚⟝302(2)—**Evidence held to warrant decree denying admission of will to probate for want of genuine signature.**

Evidence as to the genuineness of testator's signature to will *held* to warrant a decree denying admission to probate.

Appeal from Probate Court, Elmore County; L. C. Smith, Judge.

Proceeding by Ella Brown to probate a will, and contest by Mrs. W. J. L. Welch. From a decree denying probate, proponent appeals. Affirmed.

Rushton & Crenshaw, of Montgomery, for appellant.

Counsel argue for error in the decree, but without citing authorities.

C. I. Reneau, of Wetumpka, for appellee.

The witness Hohenberg, being familiar with the handwriting of the deceased, was qualified to make a comparison of the genuine signature of deceased, with the signature to the alleged will. Acts 1915, p. 134; Chisolm v. State, 204 Ala. 69, 85 South. 462; King v. State, 15 Ala. App. 67, 72 South. 552; Everage v. State, 14 Ala. App. 106, 71 South. 983; 6 Ency. Ev. 391; Moon's Adm'r v. Crowder, 72 Ala. 88.

THOMAS, J. The appeal is from the decree of the probate court refusing to admit to probate a paper writing purporting to be the last will and testament of. R. C. Wilson, deceased. The instrument offered for probate was contested on the grounds that the same was not subscribed by the testator, and that the alleged attesting witnesses did not subscribe their names thereto as required by law. Code 1907, § 6172; Goldsmith v. Gates, 205 Ala. 632, 88 South. 861; Allen v. Scruggs, 190 Ala. 654, 67 South. 301.

[1] The questions for decision are: (1) Was there error in overruling the objection of proponent to the testimony of Mr. Hohenberg as to the genuineness of the signatures in question? and (2) Was the finding of the court on the facts so manifestly and palpably erroneous as to require reversal? The witness Hohenberg was shown to be qualified under the statute, "being familiar with the handwriting of. the person whose handwriting was in question"; and, being so qualified, his comparison of the admittedly genuine signatures of Mr. Wilson with the signature to the alleged will, and his opinion of the genuineness of that signature, were permitted by the provisions of the statute. Provisions of this statute (Act March 6, 1915; Gen. Acts 1915, p. 134) are that comparison of a disputed writing with "any writing admitted to be genuine or proven to the reasonable satisfaction of the court to be genuine" may be made (1) by a witness who is shown to be qualified as an expert; or (2) by a witness who is shown to be familiar with the handwriting of the person whose handwriting is in question; and (3) being so qualified, and having made the comparison and testified as to the result thereof, "such writings and the evidence of witnesses respecting the same may be submitted to the court or jury trying the case as evidence of the genuineness or otherwise of the writings in dispute." Chisolm v. State, 204 Ala. 69, 85 South. 462; Everage v. State, 14 Ala. App. 106, 71 South. 983; King v. State, 15 Ala. App. 67, 72 South. 552. If the testimony of a witness is such as to show that he has the experience requisite to qualify him as an expert, notwithstanding his declaration that he is not such an expert, he is authorized, under the law, to testify as an expert. The question as applied to the witness Hohenberg, whether he had qualified as an expert, it is unnecessary to decide, since he had brought himself within the Act of March 6, 1915, by showing his familiarity with the handwriting of the person whose handwriting is in question. He was therefore authorized to make comparisons between the alleged signature of the testator to the will and the signatures of such party admitted or shown to be genuine.

[2] The testimony as to the proper execution of the will is in conflict, and on the whole evidence reasonable men might draw varying conclusions. If we resolve the question of the genuineness of the disputed signatures in favor of the proponent, the testimony of Dr. Howle and Mr. Hohenberg, disinterested witnesses, considered in connection with the interest of the witnesses for proponent, would be sufficient to support the

⊚⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

finding in favor of the contestant. However, we have carefully inspected the original papers introduced in evidence (and transmitted to this court), containing the genuine signatures of the respective parties, and the will propounded for probate, and we are of opinion that, the decree of the court is free from error.

It is unnecessary to rest this decision on the rule of Darrow v. Darrow, 201 Ala. 477, 78 South. 383; Winston v. Morrisette, 203 Ala. 76, 82 South. 135; Hackett v. Cash, 196 Ala. 403, 72 South. 52; Ray v. Watkins, 203 Ala. 683, 85 South. 25; Andrews v. Grey, 199 Ala. 152, 74 South. 62.

The decree of the probate court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.