(104 So. 44)

## Ex parte WILLIAMS.

## WILLIAMS v. STATE.

### (7 Div. 538.)

(Supreme Court of Alabama. Dec. 4, 1924. Rehearing Granted Jan. 28, 1925. Rehearing Denied May 14, 1925.)

1. **Criminal law ⟨⟩491(1)—Signature made by witness before court is extraneous paper, not admissible in evidence unless within statute.**

A signature made by witness before court, for purpose of comparison with disputed signature, constituted no part of relevant evidence in case, and was irrelevant extraneous paper, not admissible in evidence unless within modification of former rule made by Acts 1915, p. 134.

2. **Criminal law ⟨⟩491(1)—Comparison of handwriting held inadmissible, where disputed signature lost and admitted signature not otherwise relevant.**

Acts 1915, p. 134, permitting evidence of comparison of handwriting, applies only when two writings are in existence and before jury and inapplicable, where disputed signature was lost and not before jury, and admitted signature was one made by witness before court, and not otherwise relevant, and hence expert testimony as to comparison of such handwriting was inadmissible.

Certiorari to Court of Appeals.

Petition of Albert Williams for certiorari to the Court of Appeals, to review and revise the judgment and decision of that court in the case of Williams v. State, 20 Ala. App. 337, 104 So. 38. Writ awarded; reversed and remanded.

See, also, Ex parte State ex rel. Attorney General, ante, p. 1, 104 So. 40.

R. T. Goodwyn, of Montgomery, and W. J. Boykin, of Gadsden, for petitioner.

There was error in admitting the signature of Irwin for comparison. Chisolm v. State, 204 Ala. 69, 85 So. 462; King v. State, 15 Ala. App. 67, 72 So. 554; Sulzby v. Palmer, 194 Ala. 524, 70 So. 1; Id., 196 Ala. 645, 70 So. 1; Washington v. State, 143 Ala. 62, 39 So. 388; Griffin v. Ass'n, 151 Ala. 597, 44 So. 605.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The signature of the witness constituted relevant testimony. Stone v. State, 11 Ala. App. 141, 65 So. 693; 16 C. J. 620; 26 C. J. 969; Williams v. State, 61 Ala. 33; 22 C. J. 780; 11 R. C. L. 624; U. S., etc., v. Hill, 9 Ala. App. 222, 62 So. 954; Nelms v. State, 91 Ala. 97, 9 So. 193; State v. Givens, 5 Ala. 747; Tally v. Cross, 124 Ala. 568, 26 So. 912.

PER CURIAM. Petition for certiorari to review the opinion of the Court of Appeals, affirming a judgment of conviction against petitioner for the offense of forgery. The former consideration of this cause on petition of the state (Ex parte State [Re Albert Williams v. State], present term, ante, p. 1, 104 So. 40) presents no question now here for review.

The sole question here presented relates to the ruling of the trial court in admitting over defendant's objection testimony of certain handwriting experts comparing an admittedly genuine signature of the witness Irwin with the disputed signature on the note in question. Witness Irwin, at the request of the solicitor, wrote his name several times on slips of paper. These signatures were exhibited to the expert witnesses offered by the state. These experts were not familiar with Irwin's handwriting, but they had seen the signature of W. H. Irwin on the said note. The note, however, had been lost, and was consequently not before the court or jury. They were permitted to testify, over defendant's objection, that in their opinion the signature exhibited to them as confessedly genuine was not the same as the signature on the lost instrument.

Prior to Acts 1913, p. 134, it was the rule in this state that a comparison of handwriting may not be instituted between the writing in question and the genuine extraneous paper not otherwise relevant and admissible in evidence. Washington v. State, 143 Ala. 62, 39 So. 388; Moon v. Crowder, 72 Ala. 79; Griffin v. Working Women's Home, 151 Ala. 597, 44 So. 605.

[1] The genuine signature made by the witness before the court constituted no part of the relevant evidence in the case. It clearly was a genuine extraneous paper not otherwise relevant and admissible in evidence.

[2] The sole remaining question, therefore, is whether or not the act of 1915, supra, has so far changed the rule as to render the evidence here in question competent and admissible. We are of the opinion that the situation here presented is not brought within the influence of that act, as construed by this court, which is to the effect that such evidence of comparison of handwriting is permissible when the two writings are in existence and presented, and before the jury that they may subject the evidence of comparison made by the witness to a test of comparison made by themselves in the light of all the evidence. Such is the effect of the holding of this court in Chisolm v. State, 204 Ala. 69, 85 So. 462. See, also, Brown v. Welch, 209 Ala. 518, 96 So. 610; State v. Hastings, 53 N. H. 452; Underhill on Criminal Evidence (3d Ed.) § 635.

The note in question, as previously stated, was not before the jury, and therefore they were without an opportunity of themselves

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

instituting a comparison in the light of the whole evidence.

The act of 1915, supra, not being applicable the former decisions of this court, hereinabove cited, are controlling to the effect that such evidence as here offered was inadmissible and defendant's objection thereto should have been sustained.

The writ of certiorari will therefore be awarded, and the judgment of the Court of Appeals reversed, and the cause remanded.

The writ awarded. Reversed and remanded.

All the Justices concur.