(106 So. 393)

### INGRAM v. STATE. (8 Div. 343.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied Nov. 24, 1925.)

**Criminal law ⬿404(5), 491(2) — Writing proved to have been previously signed by accused admissible in behalf of defendant for comparison by jury or witnesses.**

In prosecution for forgery, evidence of writing admitted or proved to have been previously signed by accused is admissible in behalf of defendant under Code 1923, § 7707, as basis for comparison by witnesses, and by jury.

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

George Ingram was convicted of forgery, and he appeals. Reversed and remanded.

Watts & White, of Huntsville, for appellant.

The defendant was entitled to introduce in evidence his proved handwriting for purpose of comparison. Code 1923, § 7707.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

To permit defendant to produce a paper on which he had previously signed his name, for the purpose of showing that the signature on the paper involved was not his, would allow him to bolster up his own testimony. Sexton v. State, 19 Ala. App. 408, 98 So. 705.

SAMFORD, J. Defendant was charged with having forged the name "Mrs. Dora Davis" to a check on First National Bank of Huntsville and to have indorsed the same in the name of the payee, "Major Spradlin," and to have uttered the same. The defendant testified that he did not sign or indorse the check offered in evidence and alleged to have been forged. The defendant also offered an instrument in writing admitted or proved to have been previously signed by him as a basis for comparison by witnesses, or by the jury, court, or officer conducting the proceeding, to prove that the names had not been signed to the check by him. It is admitted that unless section 7707 of the Code of 1923 is applicable, such evidence on the part of defendant would be inadmissible, as a self-serving declaration. It is admitted that the signature and indorsement of the check are not genuine; i. e., they were not signed by the parties purporting to be charged. But it appears from the adjudicated cases that the statute Code 1923, § 7707, which changes the rule of the common law, is made applicable to cases similar to the one at bar. But for the decisions, the writer would agree with the views of the minority as expressed in Chisolm v. State, 204 Ala. 69, 85 So. 462. The evidence offered was admissible. Ex parte Williams (Ala. Sup.) 104 So. 44;[1] Chisolm v. State, supra; Brown v. Welch, 209 Ala. 518, 96 So. 610.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

