STEAGALL, Justice.
Earby Boyd McAdams, Sr., died intestate in March 1986. His heirs at law and next of kin are his three children: Dorothy M. Deaton, Betty J. Bryan, and Earby Boyd “Buddy” McAdams, Jr. In December 1989, the Mobile County Probate Court granted to Buddy McAdams letters of administration of the estate of McAdams, Sr. During the administration of the estate, a dispute arose as to whether McAdams, Sr., had held a one-half interest in a convenience store business at the time of his death. After an ore tenus hearing, the probate court determined that McAdams, Sr., had held no interest in the business at the time of his death. Buddy McAdams appeals, contending that the judgment was not supported by the evidence.
In 1967, Dorothy Deaton and her husband, Edward Deaton, and McAdams, Sr., and his wife, Florence McAdams, orally agreed to build a convenience store and to operate the store as equal partners. Each couple contributed equally to the “partnership.” The store was operated primarily by McAdams, Sr., and Dorothy until approximately 1972, when Edward began to work full time at the store. In 1976, Mc-Adams, Sr., stopped working at the store. Florence never participated in the store’s operations; she died in 1983.
Dorothy and Betty testified that after 1976, McAdams, Sr., did not participate in the store management. Dorothy also testified that prior to 1976, McAdams, Sr., was paid a salary but that after 1976, he received no cash payments from the store. She stated that after 1976 McAdams, Sr., did not contribute any money to the business and that after McAdams, Sr., stopped working in the business in 1976, she and Edward made numerous improvements to the property. Wanda Rivers, a store employee, testified that McAdams, Sr., had told her several times that he “was just going to give the store to Mrs. and Mr. Deaton because he was tired of it.” Kendall Jordan, Jr., the accountant for the convenience store, testified that after 1978, McAdams, Sr., was no longer a partner in the business.
Based on these facts, the judgment is due to be affirmed, on the authority of Winston v. Morrisette, 203 Ala. 76, 82 So. 135 (1919) (ore tenus findings by probate court are not disturbed on appeal *1021 unless plainly contrary to the great weight of the evidence), and Davis v. Davis, 278 Ala. 328, 178 So.2d 154 (1965) (ore tenus judgment by the probate court is not disturbed unless palpably erroneous). See, also, Humphries v. Whiteley, 565 So.2d 96 (Ala.1990) (trial court’s judgment following ore tenus hearing will be affirmed if supported by “any credible evidence”), and Wise v. Jackson, 565 So.2d 96 (Ala.1990).
AFFIRMED.
MADDOX, ALMON, ADAMS and INGRAM, JJ., concur.