# Walker v. The State.

*Indictment for Grand Larceny.*

1. *Indictment for larceny; averment of ownership* —An indictment for the larceny of a part of an outstanding crop of corn from the lands of a person, who died before the larceny, must allege the ownership in the personal representative of the decedent; and when the

ownership is laid in his wife, who is the decedent's personal repre-
sentative, and his children jointly, it is erroneous.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

The appellant was tried and convicted under the fol-
lowing indictment: "1. The grand jury of said county
charge that before the finding of this indictment that
Levi Walker feloniously took and carried away one hun-
dred ears of corn of the value of forty cents, being a part
of an outstanding crop of corn, the property of Carrie
Jennings, Bart Jennings, Henry Jennings, Maggie May
Jennings and Carrie Lee Jennings.

"2. The grand jury of said county further charge
that before the finding of this indictment Levi Walker
feloniously took and carried away one hundred ears of
corn of the value of forty cents, being a part of an out-
standing crop of corn, the property of Charley Vinson,
against the peace and dignity of the State of Alabama."

The State introduced evidence tending to show that
the defendant was guilty of the larceny of the corn from
the field which was owned by one B. H. Jennings, dur-
ing his life time. The State introduced one Charley
Vinson, as a witness, who testified that he had
charge of the plantation from which the corn was al-
leged to have been stolen during the year 1895 as over-
seer for B. H. Jennings; that the corn was taken from
the field the last part of September, 1895; that Mr. Jen-
nings, the owner of the property, died in the middle of
September, 1895, and that he, Vinson was in charge of
the plantation as his overseer at that time. It was
shown that B. H. Jennings left surviving him his wife,
Mrs. Carrie Jennings, and the other persons named in
the first count of the indictment as his children, and
that Mr. Jennings was dead when the corn was taken.
It was further shown that letters of administration were
granted Mrs. Carrie Jennings on the estate of B. H. Jen-
nings on October 4, 1895, prior to the finding of the in-
dictment. The defendant introduced evidence tending
to show that he was not guilty of the offense charged in
the indictment.

Upon the introduction of all the evidence, the court
instructed the jury as follows: "The court charges the
jury that if they believe beyond a reasonable doubt that

the lands upon which the corn in question was grown were the lands of B. H. Jennings at the time of his death, and he departed this life leaving surviving him his wife and four children, and there was no administration, then the crop was the property of Mrs. Jennings and her children." To the giving of this charge the defendant duly excepted, and also excepted to the court's refusal to give the following written charge asked by him : "If the jury believe the evidence in this case, they must acquit the defendant."

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.— The first count in the indictment and the one under which the conviction was secured laid the ownership of the outstanding crop in the widow and minor children. The correctness of this allegation of ownership under this particular state of facts is the sole point presented by the record. As to the correctness of which there seems to be no doubt, and the judgment should be affirmed. Clark's Man. Crim. Law, 169 ; *Dreyer v. State*, 11 Texas App. 503 ; *Louisiana v. Hanks*, 39 La. Ann. 235.

BRICKELL, C. J.—Corn, cotton, and other like crops, not the spontaneous growth of the earth, produced annually by labor and industry, are known as emblements, and on the death of the occupier of the land, whether he be the owner of the inheritance or of an estate terminating with his life, pass to his personal representative.— 1 Williams Ex't'rs, 710. It is a well known rule of criminal pleading, that when it becomes necessary to aver the ownership of property which resided in one dead, while living, if it be personal property, passing to the personal representative, of which he has custody, actually or constructively, the ownership must be laid in him. If real property, then in the heir or devisee, and it is generally sufficient to aver it in the actual possessor.

The title of the personal representative relates to the death of the decedent, and he may maintain suits against those who have taken or converted the goods of the decedent in the *interim* between his death and the grant of administration.—*Upchurch v. Norsworthy*, 12 Ala. 532 ; s. c. 15 Ala. 705. Though the corn may have been

stolen after the death of the owner of the lands, and before the grant of administration, the ownership would have been properly laid in the personal representative subsequently appointed ; title to it vested in her by relation. And it could have been laid in her as the possessor, she succeeding to the possession of her late husband. But laying the ownership in her and her minor children jointly, was erroneous ; they did not have any joint possession—the possession devolved on the mother only. *Brown v. Beason*, 24 Ala. 466. If the ownership is laid in several persons as joint owners, a joint ownership must be proved ; it is not sufficient to prove that it is in a less number than charged.—*Parmer v. State*, 41 Ala. 416. It results the court below erred in the charge given, and in the refusal of the charge requested.

The judgment is reversed and the cause remanded. The defendant will remain in custody until discharged by due course of law.

