# McMillan *v.* The State.

## *Trespass to Land.*

(Decided May 20, 1909.   49 South. 680.)

1. *Trespass; Criminal Act; Allegation of Ownership; Title.*—Unless otherwise devised, title to land vests in the heirs eo instante upon the death of the owner, the right of the executor being limited to selling the land for the payment of debts, if necessary; so that in a prosecution for trespass thereon by entering thereon and cutting the timber as provided by section 7828, Code 1907, the title to land could not be laid in the executor of the estate in the absence of an allegation that the title was vested in the executor by the will the averment of ownership should have been in the devisees, if any, and if not, in the heirs.

2. *Same.*—In a prosecution under 7828, Code 1907, a complaint is defective which alleges the ownership of a land in ten persons consecutively named therein without separating the last two named by

the word 'and" since the failure to allege the ownership conjunctively leaves it uncertain as to whether the lands were owned jointly or separately.

3. *Same; Evidence.*—Prosecution being for trespass to land and the cutting of timber thereon, and some of the evidence tending to show that the place from which the timber was cut showed indications of hewing that is usually done in making cross ties, it was permissible to show that the defendant was engaged in the cross tie business.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Bill McMillan was convicted of trespassing upon land and cutting and removing timber therefrom, and he appeals. Reversed and remanded.

The prosecution was begun by affidavit, and, omitting the formal charge, the affidavit was as follows: "In said county, Bill McMillan, alias William McMillan, knowingly entered upon the lands of the estate of B. M. Long, and cut down wood or timber growing thereon, with the intent to remove and appropriate the same to his own use; further, that Bill McMillan, alias William McMillan, knowingly entered upon the land of P. M. Long, executor of B. M. Long's estate, and cut down wood or timber growing thereon, with intent to remove or appropriate the same to his own use; and, further, that Bill McMillan, alias William McMillan, knowingly entered upon the land of H. W. Long, P. M. Long, J. O. Long, E. W. Long, Carrier Garner, Ida L. Miller, Lew Stewart, Ada Holderness, F. M. Long, Gaye Lacey, and cut down wood or timber growing thereon, with intent to remove and appropriate the same to his own use— against the peace and dignity, etc. Demurrers were interposed to the first count in the affidavit, because the count charges no offense, and because the count fails to allege the ownership of the lands in any person; to the second count, because it fails to charge any offense, and because the executor of an estate has no such title to real estate as is contemplated by section 7828, Code

1907; to the third count, because it fails to allege that the lands were owned by the parties named in said count jointly, or severally, or in what manner the same were owned by them—and other causes not necessary to be set out.

LEITH & GUNN, for appellant.—The demurrer to the affidavit should have been sustained.—*Hall v. Hall,* 47 Ala. 290; *Cockrel v. Coleman,* 55 Ala. 583; *Calhoun v. Fletcher,* 63 Ala. 574; *Turner v. Kelly,* 67 Ala. 173. Counsel discuss assignments of error relative to evidence, but without citation of authority.

ALEXANDER M. GARBER, Attorney-General, for the State.—The 2nd and 3rd counts of the affidavit were sufficient.—*Parmer v. The State,* 41 Ala. 416; *Walker v. The State,* 111 Ala. 32. Counsel discusses assignments of error relative to evidence, but without citation of authority.

McCLELLAN, J.—The defendant was convicted of a violation of Code 1907, § 7828. The complainant contained three counts. Count 1 was stricken on demurrer.

Count 2 alleged the land entered to have been that of "P. M. Long, executor of B. M. Long's estate." As objected by demurrer to count 2, this averment of ownership was insufficient. The title to lands, unless otherwise devised, vests eo instante upon death in the heirs of the decedent. The personal representative takes no title to lands owned by the decedent at the time of decease. Generally the scope of the right is limited to the appropriation of such lands to the payment of debts, etc. Of course, it is entirely possible that the title to such lands may be vested by will in an executor, and that the ownership, within section 7828, may be in the

executor as such. But count 2 avers no such status with respect to the land in question. On the contrary, the averment makes no case of title other than that usually attending an executorship of an estate of a testator. It cannot, to support the count in this regard, be assumed that by will B. M. Long vested the title to these lands in P. M. Long as executor. The uncertainty, to state it most favorably to the count, of the count in respect of averment of ownership cannot be aided, to certainty, by the assumption indicated. Unless the will of B. M. Long, deceased, effected to vest the title to the land in the executor as such, the averment of ownership should have been either in the devisee or devisees, if such there were, or in the heirs of the testator.—*Walker v. State*, 111 Ala. 29, 20 South. 612.

Count 3 imputes the ownership of the land to ten persons, but by the significant omission of the word "and" between the names of the two last-named persons, a comma being used after each of the ten names, it was left entirely uncertain whether the land was the joint or several property of the named persons. Doubtless it was the purpose of the pleader to aver a joint ownership of the land by the designated persons. Under section 7828 it was the right of the defendant to be informed upon whose land he was charged to have entered and committed the depredations alleged. The uncertainty mentioned should be removed on the retrial, to which we must remand the cause.

The deed from Bates to B. M. Long was properly admitted in evidence.

There was a possible inference favorable to the state arising from the fact that defendant, at the time he was said to have cut and removed the wood and timber in question, was engaged in the "cross-tie" business. There was proof tending to show that the place from

[Bailey v. The State.]

which wood and timber on the land in question had been taken gave evidence of the "hewing" usually employed to make a cross-tie. The court properly allowed the testimony mentioned.

The defendant objected to several questions propounded to witnesses, but many of these questions were answered in such manner as to not work injury to defendant.

There was no other prejudicial error to the defendant. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.