### SHERILL et ux. v. SHERILL et al.
#### (8 Div. 582.)

(Supreme Court of Alabama. April 17, 1924.)

1. Deeds ⬥155—Conveyance by widow and heirs, grantee to support widow for life, vested estate on condition subsequent.

A grant of land, conditioned on grantee supporting grantor for life, failure to perform to render the deed void, though conveying a vested estate, was one on condition subsequent.

2. Deeds ⬥165, 168—Estate on condition subsequent held not divested by mere breach; entry or claim held necessary to divest title.

An estate, conveyed on condition subsequent that grantee support and care for grantor for life, failure to perform to render the deed void, was not divested merely by breach of condition, but continued until entry or claim to avoid the estate.

3. Deeds ⬥144(1)—Estate on condition subsequent has same qualities as absolute estates, until defeated by breach.

An estate on condition subsequent has, until defeated by breach and entry, the same qualities and incidents as absolute estates.

4. Deeds ⬥157—Estate on condition subsequent is conveyed subject to the condition.

If an estate on condition subsequent is conveyed or devised, it passes subject to the condition.

Appeal from Circuit Court, Franklin County; Chas. P. Almon, Judge.

Bill in equity by J. W. Sherill and wife, M. A. Sherill, against S. O. Sherill and wife, M. A. Sherill, and J. H. McIntosh. From a decree denying relief, complainants appeal. Reversed and rendered.

The bill of complaint is filed to cancel a deed and a mortgage as clouds on the title of complainants. The bill shows, and the evidence establishes without dispute, the following facts:

(1) In October, 1913, Mary J. Swinney, a widow, and her children, as her heirs, executed to the respondents S. O. Sherill and wife, M. A. Sherill, a deed conveying to them two certain tracts of land containing 120 acres; the valuable consideration recited being that the grantees should care for said Mary J. Swinney during her lifetime, as specified, and with the express stipulation that, if the said grantees "fail to carry out any part of this agreement, then this conveyance shall be null and void." This deed was duly recorded in January, 1914.

(2) In May, 1915, the respondents Sherill executed a mortgage on this land to the respondent J. H. McIntosh to secure a loan made by him to them, which remains due and unpaid, and is of record in the probate office.

(3) Thereafter the respondents Sherill abandoned their obligation to care for said Mary J. Swinney, moved out of the county, and left her to the care of others, and did not afterwards contribute anything to her support.

(4) After this abandonment and default, the complainants, J. W. Sherill and his wife, M. A. Sherill, took said Mary J. Swinney to their home and cared for her until her death in July, 1922, in consideration of which they received from her, in April, 1922, a conveyance of 80 acres of this land, in which her children and heirs joined as in the deed to respondents.

(5) Mary J. Swinney never instituted any proceeding to declare a forfeiture under her deed to respondents; but she was collecting the rents from land before her death, and upon her death complainants entered and have since held the land as their own.

(6) In March, 1915, for a nominal consideration stated, and upon the recital that it was for the purpose of correcting a mistake of description in the deed of August, 1913 (with a reference to the names of the parties, and to the book and page of its record), Mary J. Swinney and the others executed a second deed to the respondents Sherill, conveying to them the west half of a certain section, instead of the south half. This deed was recorded on May 1, 1915.

On the pleadings and proof, as submitted, the trial judge found that the respondents Sherill forfeited their title under the deed, but that, since the respondent McIntosh acquired his interest prior to the forfeiture, and while his grantors, the respondents Sherill, were carrying out their agreement as to Mary J. Swinney, he is entitled to protection, and accordingly a decree was rendered, denying relief and dismissing the bill of complaint. This decree is assigned as error.

B. H. Sargent, of Russellville, for appellants.

McIntosh had knowledge of the condition in the deed to the respondents, and took his mortgage subject thereto. Complainants were entitled to the relief prayed. First

———

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Nat. Bank v. McIntosh, 201 Ala. 649, 79 South 121, L. R. A. 1918F, 353.

Henry D. Jones, of Russellville, for appellees.

No brief reached the Reporter.

SOMERVILLE, J. On the undisputed evidence in this case we think and hold that complainants were entitled to the relief prayed.

[1] The estate granted by Mary J. Swinney and her children to the respondents S. O. and M. A. Sherill, though a vested estate, was expressly subjected to forfeiture in case the grantees should "fail to carry out any part" of the obligation undertaken by them, viz. the support and care of Mrs. Swinney during the remainder of her life. The estate was therefore one upon condition subsequent.

[2-4] Such an estate is not divested from the grantee merely by the grantee's breach of the condition, but continues until "the grantor or his heirs take advantage of the breach of the condition, and make an entry or claim in order to avoid the estate." 21 Corp. Jur. 930, § 41, and cases cited under note 81. An estate upon condition subsequent has, until defeated by breach and entry, the same qualities and incidents as absolute estates. Memphis, etc., R. Co. v. Neighbors, 51 Miss. 412; Warner v. Bennett, 31 Conn. 468; 21 Corp. Jur. 930, § 39. But if they are conveyed or devised they pass subject to the condition. Brown v. State, 5 Colo. 496; Memphis, etc., R. Co. v. Neighbors, supra; 21 Corp. Jur. 930, § 39. This last proposition is of course elementary, since a grantor can convey no better title than he has, and no condition would be worth the while, if the grantee could avoid its operation and effect by the simple expedient of alienation before he has breached the condition.

The case of First Nat. Bank v. McIntosh, 201 Ala. 649, 79 South. 121, L. R. A. 1918F, 353, is not different from the instant case in any material aspect. It was there held that the mortgagee of the conditional grantee was chargeable with constructive notice of the condition recited in the recorded deed to his mortgagor, and relief by cancellation was decreed against the vendee and his mortgagee, for the vendee's breach of the condition.

No question of laches, is presented, and that subject requires no notice here. The decree of the circuit court will be reversed, and a decree will be here rendered, granting to complainants the relief prayed for by the cancellation of the deeds shown as Exhibits A and B to the bill, and of the mortgage shown as Exhibit D to the bill, in so far as they affect the title to the land conveyed to complainants by the deed shown as Exhibit C to the bill. The registrar will be directed to make the appropriate entries of cancellation on the face of the records of the instruments ordered canceled.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.