140 So. 438

## ADAMS v. ADAMS.
### 8 Div. 357.

Supreme Court of Alabama.
March 17, 1932.

Proctor & Snodgrass, of Scottsboro, for appellant.

Ernest Parks, of Scottsboro, for appellee.

KNIGHT, J.

Bill by Malissa Adams against Emerson K. Adams and others to "establish and declare a resulting trust" in favor of complainant in the lands described in the bill.

It appears from the averment of the bill that complainant's husband, Thomas Adams, owned a certain tract of land in Jackson county, and that on April 14, 1915, the said Adams, and the complainant, his wife, executed to the appellant a conveyance, conveying, or intending to convey, thereby to appellant 119.33 acres of the land; that later the same grantors conveyed to appellant other described lands. The deeds in each instance recited a money consideration.

The appellee was the second wife of Thomas Adams. Each of the spouses had children by former marriages. Appellant was the only child of the marriage between appellee and the said Thomas Adams.

After the execution of the conveyances of the father and mother to him, some years afterwards, Emerson K. Adams executed to his mother an instrument in writing as follows: "October 3rd, 1919, Section, Alabama, Jackson county.—This is to certify that my mother, Malissa Adams, is to have a home on the Boozier Place her life time, and then it is to go to me, and that I am to take care of her."

It further appears: That, after the execution of the deeds above mentioned to appellant, the said Thomas Adams and the complainant, along with the appellant, made an exchange of lands with one W. J. Patterson, whereby the lands formerly conveyed to appellant, and other lands of complainant's husband, were conveyed to Patterson, and Patterson in turn conveyed lands owned by him to the appellant. This transaction occurred on October 11, 1920. That on the 13th day of April, 1923, the appellant executed and delivered an instrument in writing to his father as follows: "This paper is to show that Thomas Adams is to have control of the place his life time."

The bill further avers that the real consideration of the conveyances to appellant was his agreement to support and care for his said father and mother during their lifetime. The bill charges that the said Emerson K. Adams breached his agreement ("promise") to provide and care for complainant. The said Thomas Adams died in August, 1927.

In the case of Morrow v. Morrow, 213 Ala. 131, 104 So. 393, it is said: "It is settled by the decisions of this court that either for fraud in the procurement of the conveyance, or for a failure to comply with its terms and conditions, either precedent or subsequent, a conveyance, founded upon love and affection, support, and maintenance, etc., may be annulled for a breach thereof." Ballenger v. Ballenger, 208 Ala. 147, 94 So. 127; Russell v. Carver, 208 Ala. 219, 94 So. 128.

Whether the bill in the present case is or is not sufficient in averment to present a case entitling complainant to relief, it is not necessary to determine. The burden of proof was and is upon her, not only to show that the consideration of the deeds was for the support and maintenance of complainant's husband and herself, but also to show a breach, a substantial breach, of that agreement. The evidence, in both particulars, falls far short of sustaining the essential averments of the bill, upon which complainant predicates her claim to relief.

The evidence was taken by deposition, not in open court before the judge, but orally before the register as commissioner. We are convinced by the evidence that the written agreement set out in the bill, and which was executed by said Emerson K. Adams on October 3, 1919, was in fact executed and given to his mother to induce her to return to her husband, and resume her place in the family circle. The evidence shows that on a number of occasions during her married life with Thomas Adams she would abandon him, and leave the family.

After considering the evidence most carefully, we are forced to the conclusion that it is wholly insufficient to support the decree. Nor is the complainant entitled to the accounting prayed for in the bill. Emblements, on death of the life tenant, pass to the personal representative. He alone can prosecute suits respecting the same. The same rule applies, as for aught averred in the bill, to any other personal property the said Thomas Adams may have owned at the time of his death. 21 Corpus Juris p. 944; Price v. Pickett et al., 21 Ala. 741; Walker v. State, 111 Ala. 29, 20 So. 612.

It follows, therefore, that the decree of the circuit court will be reversed, and decree here rendered dismissing appellee's bill of complaint.

Reversed and rendered.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.