2 So.2d 403

**BRANFORD et al. v. SHIRLEY.**

4 Div. 174.

Supreme Court of Alabama.

May 15, 1941.

Rehearing Denied June 5, 1941.

H. H. Little, of Luverne, and Martin & Jackson and J. T. Jackson, all of Dothan, for appellee.

J. Hubert Farmer, of Dothan, for appellants.

GARDNER, Chief Justice.

The averments of the bill as last amended are sufficiently stated on former appeal (Branford et als. v. Shirley, 238 Ala. 632, 193 So. 165), and need not be here repeated. Upon submission of the cause for final decree on pleadings and proof the court granted relief as to the thirty-five acres described in the deed of Calvin Dykes to his son, C. E. Dykes, dated September 15, 1913, the execution of which antedated Section 8046, Code 1923, Code 1940, Tit. 20, § 15.

As to this deed complainant insists the recitals therein of the agreement on the part of the grantee to support the widow

and minor children constituted a condition subsequent, and that the agreement had been breached and the title reverted as upon condition subsequent. Branford v. Shirley, supra; Craig v. Craig, 219 Ala. 77, 121 So. 86; Ballenger v. Ballenger, 208 Ala. 147, 94 So. 127; First National Bank v. McIntosh, 201 Ala. 649, 79 So. 121, L.R. A. 1918F, 353; Hyman v. Langston, 210 Ala. 509, 98 So. 564; Russell v. Carver, 208 Ala. 219, 94 So. 128; Sherill v. Sherill, 211 Ala. 105, 99 So. 838.

It is clear enough the grantee, C. E. Dykes, remained on the place a very short time, one or two years, when he left. And there is proof indicating that the son, C. E. Dykes; upon leaving surrendered the deeds he had either to his brother or to his mother, Laura E. Dykes, who remained upon the farm with her minor children until her death in 1935 and after each of the minors had reached majority.

■ There is ample proof to sustain the theory that the condition not only had been breached by the grantee, but that he so considered it, and abandoned the place. Indeed a study of the testimony of the grantee, in connection with some original checks offered in evidence, and which bear rather convincing proof of having been very materially altered, and the short time he remained on the place, we cannot say the trial court was in error in his conclusion that he had originally no intention to perform the condition of the deed and of consequence there was fraud sufficient to vitiate the transaction. Williams v. Williams, 238 Ala. 637, 193 So. 167.

■ In any event the proof strongly indicates not only a breach of the condition by the grantee but a recognition by him that such was the situation and the whole transaction abandoned and in effect rescinded by all parties. Adams v. Adams, 224 Ala. 346, 140 So. 438; Ballenger v. Ballenger, supra; Sherill v. Sherill, supra; Hunter v. Watters, 226 Ala. 175, 145 So. 472; Craig v. Craig, supra.

■■ Viewed in the light of the facts here presented the decree of cancellation as to these thirty-five acres was justified and not here to be disturbed. If the deed to C. E. Dykes is to be disregarded and was so considered by the parties, as we view the evidence, the possession of the widow is naturally to be attributed to her quarantine rights, and we consider the further defense of laches, here argued, was sufficiently answered on former appeal and needs no further discussion.

■ Nor are we in accord with complainant's insistence as made in her cross-assignments of error, that the evidence sufficiently discloses such adverse possession on the part of the widow as to vest title in her by reason of that fact. We recognize the rule that a widow so circumstanced may acquire title by adverse possession. Bates v. Flowers, 220 Ala. 205, 124 So. 661; Hays v. Lemoine, 156 Ala. 465, 47 So. 97.

■ But a careful study of this record is not persuasive that the required elements of adverse possession are here sufficiently shown as to vest title in the widow by adverse possession. We have considered, also, complainant's argument as to the deed to thirty acres, that it was upon a like consideration as that of the thirty-five-acre deed and that for like reason it should be cancelled. The proof fails to support such a contention and this deed recites a consideration of "love and affection", though the deed for thirty-five acres, executed on the same date, contains recitals as to the condition of support and maintenance of the wife and minor children. The omission of such a recital in the thirty-acre deed is significant. But in any event there is no proof of any such condition as to this latter deed and its cancellation is not justified.

Upon the whole we conclude the trial court correctly ruled, and the decree will accordingly be here affirmed.

Affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.