[Matthews et al. v. Dowling and Wife.]

# Matthews *et al.* v. Dowling and Wife.

### *Bill in Equity to rescind Sale of Land.*

1. *Rescission; what will not authorize.*—Where lands are purchased, partly paid for, conveyed to the purchaser, and he is let into possession and then dies—the non-payment of the balance of the debt, coupled with the facts that it, with the other debts due by the purchaser's estate will render it insolvent, and that his administrators are willing to a rescission, will not alone authorize a decree for rescission.

2. *Administrator; consent of, for what ineffectual.*—The consent of an administrator to a decree of rescission, in a suit against him and the heirs of his intestate, to rescind a purchase of land by the intestate, can not divest the interest of the heirs.

3. *Guardian ad litem; effect of admissions by.*—In a suit against an infant heir to enforce a vendor's lien on lands descended to him, an admission by the guardian ad litem of the execution or consideration of the notes, the basis of suit, is not binding on or evidence against him, and does not relieve the complainant from proving his whole case.

APPEAL from Chancery Court of Dale.
Heard before Hon. B. B. McCRAW.
The facts are sufficiently stated in the opinion.

F. M. WOOD, for appellant.

OATES & BRO., *contra.*

BRICKELL, C. J.—The bill was filed by the appellees, averring that in 1872 they bargained and sold to one John H. Huff the lands therein described, a part of which was the statutory separate estate of the appellee, Anna J., for the sum of thirty-six hundred dollars. One thousand dollars of the purchase money was paid in cash, and for the remainder three promissory notes, maturing at different times, were made by Huff, two of which were payable to Mrs. Dowling and one payable to her husband. A deed conveying the lands to Huff was made and he went into possession, remaining therein until his death some months thereafter, not having paid either or any part of said notes, two of which only were due when the bill was filed. Administration of his estate was taken by one Matthews and the widow of said John H., one Martha A. D. Huff. The said John H. left surviving him only two heirs, one M. M. Welch, a daughter and the wife of J. T. Welch, both of full age, and W. H. Huff, a minor over the age of fourteen, residing with his mother, the

[Matthews et al. v. Dowling and Wife.]

said Martha A. D. Huff. The non-payment of the notes for the purchase money is averred, and it is further averred that these, with the other debts existing against the estate of the intestate, will render it insolvent. The administrators are willing to a rescission of the contract of purchase of the lands, and a cancellation of the notes for the purchase money, and of the conveyance, and to pay two hundred dollars in addition to the one thousand dollars paid at the time of the purchase, as compensation for the use of the lands for the years 1872 and 1873. The prayer of the bill is for a rescission of the purchase, the notes for the purchase money, and the conveyance, and the payment of reasonable rent for the years 1872 and 1873, or if the complainants are not entitled to that relief, a decree enforcing a vendor's lien on the lands for the unpaid purchase money. The residence of J. T. Welch is averred to have been unknown to the complainant, and no process was served on, nor no order of publication was made as to him. Process was served on the minor, W. H. Huff, and he appeared and selected a guardian *ad litem*, who answered for him. This guardian filed an answer for the infant, admitting many of the allegations of the bill, and demurring to the bill on several grounds—first, a want of equity, because it does not allege any fraud or mistake as ground of rescission—second, because the administrators had not power to bind the estate they represent—third, because the bill is multifarious in joining with the notes for the purchase money, which were due, the note which was not due. The administrators answered, admitting many of the allegations of the bill and consenting to the rescission if it can be made, without involving them in personal liability to heirs or creditors. A decree *pro confesso* was rendered against Mrs. Welch on service of process.

The cause was heard by the chancellor on bill and answers, without any other proof than the exhibits to the bill, which are copies of the notes for the purchase money, and these do not appear to have been proved. A decree was rendered rescinding the purchase, canceling the notes for the purchase money, and the conveyance, ordering the administrators to pay the complainants two hundred dollars within ten days, or that execution should issue against them, taxing them with costs.

The decree of the chancellor is erroneous. No sufficient ground for the rescission of the contract of purchase and the cancellation of the conveyance was shown, either by pleadings or proofs ; nor was it shown or averred that such rescission or cancellation would operate beneficially to the estate, or rather to the creditors and next of kin of the intestate

Huff. The consent of the administrators to the rescission is not of importance. They were powerless to divest the heirs of the interest in the lands descending to them; and if they had power to consent, a court of equity should never have acted on such consent, when it was not shown that they were securing a benefit to, rather than impoverishing the estate they represented. It does not appear the intestate had made an improvident bargain in the purchase of the land, and that if a sale of it was necessary to satisfy the vendor's lien, a surplus would not have remained, becoming assets in their hands. The intestate, by the contract of purchase and the deed of conveyance, became entitled to the possession. Yet, it is proposed by the rescission, without any sufficient reason, to convert him into a mere tenant liable for rent, and without averment or proof the court decrees in effect that he shall pay for two years' use and occupation one-third of the entire purchase money. True, the answer of the administrators admit they have consented to a rescission on these terms, but they were powerless to make such consent ₁to the prejudice of the heirs, who had the right to insist on the payment which had been made, in reduction of the purchase money. The bill did not present a case for rescission, and the decree ordering it is not authorized. The only relief to which the appellees could have been entitled was a decree declaring and enforcing a vendor's lien. This relief they could not have obtained on the proof found in this record. They must have proved the consideration of the notes was the purchase money of the lands. If the recital of that fact in the notes would have been evidence against the infant heir, the execution of the notes by his ancestor must have been proved. This fact may be admitted in the answer of the guardian *ad litem*, but such admission is not binding upon or evidence against the infant. The court can not permit the act of its own officer, appointed to protect, to prejudice or by his admission abandon the right of the infant. No such admission relieves the complainant from making proof of the whole case on which he relies.—1 Dan. Ch. Pr. 169.

There was also error in proceeding to a final decree without bringing before the court the defendant, J. T. Welch.

The decree must be reversed, and a decree here rendered, dismissing the complainant's bill without prejudice to any future suit they may institute for the enforcement of a lien on the lands for the payment of the purchase money.