(75 South. 313)

OLSON v. OLSON.   (6 Div. 416.)

(Supreme Court of Alabama.   Feb. 2, 1917. Rehearing Denied May 17, 1917.)

1. PLEADING  ⊗══8(15)—CONCLUSION—FRAUD.

Fraud being a conclusion of law from facts stated and proved, when it is pleaded at law, or in equity, the facts out of which it is supposed to arise must be stated, and a mere general averment of fraud without such facts is not sufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 28½.]

2. PLEADING  ⊗══214(7) — DEMURRER — ADMISSIONS—FRAUD.

A demurrer to a pleading of fraud stated as a conclusion of law is not a confession of the fraud; for a demurrer confesses only matters of fact well pleaded, not conclusions or inferences of law or of fact.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 533.]

3. DEEDS  ⊗══70(1) — PLEADING  ⊗══8(15) — FRAUD.

Before a deed can be canceled for fraud practiced in the procurement, facts from which fraud is the legal result must be alleged and proven, conclusions as to such matters not being sufficient, and the grantee must be shown to have participated in the fraud, or to have had notice thereof, actual or constructive, before paying the purchase price.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 165, 166, 171, 172; Pleading, Cent. Dig. § 28½.]

4. CANCELLATION OF INSTRUMENTS  ⊗══37(6)— FRAUD—PLEADING.

A bill by a husband to cancel a deed to his wife for fraud in its procurement, alleging that she agreed to return to live with him if he would make the deed to her and quit drinking, and that, after returning, she left him within a month, and never intended to live with him except long enough to secure the land, was defective in not alleging that he did keep his promises and in not negativing just cause on her part suffered for leaving him.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 67, 68.]

Appeal from Chancery Court, Jefferson County;  A. H. Benners, Chancellor.

Suit by Charles A. Olson against Lula Olson. From decree for complainant, respond-

ent appeals. Reversed, rendered, and remanded.

The bill is by a grantor to cancel a deed executed by him to his wife on the sole ground of fraud practiced by her and her father in procuring its execution.

The facts alleged are that complainant and respondent are husband and wife; that they intermarried on July 3, 1900, and lived together as husband and wife until August, 1907, when respondent, refusing to live with complainant longer, left him, and filed against him her bill for divorce on the grounds of cruelty and habitual drunkenness. Before any decree was rendered or hearing was had in the divorce proceeding, complainant and his wife entered into a written agreement by the terms of which complainant should convey to respondent the land in question, would quit drinking, and admitted that he was guilty of the charges alleged in the bill and that his wife was not at fault in the separation; and respondent, in consideration of the concessions and undertakings on the part of complainant, promised to return and live with him as his wife and dismiss the divorce suit. It was, however, agreed that if complainant should ever thereafter at any time be cruel to respondent, or return to the habit of drinking, his wife should be at liberty to leave him again and carry their child with her. In accordance with this agreement respondent did return to complainant, and lived with him as his wife for about a month. She then left him again, and filed another bill for divorce.

The bill in the instant case alleges (but as a conclusion of the pleader only) that this whole agreement to return to complainant, with the stipulation that he convey the property to respondent, was a fraud and a conspiracy conceived by respondent and her father to defraud complainant of his land, and that respondent never intended to live with complainant except long enough to secure the land.

The bill makes the written agreement and the deed exhibits to the bill, and asks that the deed be canceled, and that respondent be restrained or enjoined from conveying or exchanging the lands in question.

Respondent demurred to the bill, assigning various grounds. The chancellor overruled the demurrer, and respondent appeals.

Erle Pettus, of Birmingham, and F. E. St. John, of Cullman, for appellant. John Denson, of Birmingham, for appellee.

MAYFIELD, J. [1] Fraud is a conclusion of law from facts stated and proved. When it is pleaded at law, or in equity, the facts out of which it is supposed to arise must be stated; a mere general averment of fraud, without such facts, is not sufficient. Flewellen v. Crane, 58 Ala. 627; Morgan v. Morgan, 68 Ala. 80; Chamberlain v. Dorrance, 69 Ala. 40; McHan v. Ordway, 76 Ala. 347; 3 Mayf. Dig. 826.

[2] A demurrer to such pleading is not a confession of the fraud; for a demurrer confesses only the matters of fact which are well pleaded, and not conclusions or inferences of law or of fact. Flewellen v. Crane, supra; 3 Mayf. Dig. 826.

Fraud, whether pleaded at law or in equity, whether constituting a right of action or a defense thereto, to be availing, must be supported by positively averred facts supposed to constitute it, from which the court can see that fraud has intervened; general allegations or conclusions of law as to fraud are never allowable. McDonald v. Pearson, 114 Ala. 630, 21 South. 534; Loucheim v. Bank, 98 Ala. 521, 13 South. 374; Reynolds v. Coal Co., 100 Ala. 296, 14 South. 573; 3 Mayf. Dig. 826.

[3] Before a deed can be canceled for fraud practiced in the procurement, facts from which fraud is the legal result must be alleged and proven. Conclusions as to such matters are not sufficient, and the grantee must be shown to have participated in the fraud, or to have had notice, actual or constructive, thereof, before paying the purchase price. Pratt Land Co. v. McClain, 135 Ala. 452, 33 South. 185, 93 Am. St. Rep. 35. See Little v. Sterne, 125 Ala. 609, 27 South. 972; Warren v. Hunt, 114 Ala. 506, 21 South. 939; Moog v. Strang, 69 Ala. 98; 5 Mayf. Dig. 463.

[4] The trouble with complainant's bill is that the facts averred do not show fraud, but are perfectly consistent with good faith on the part of the respondent. The conclusion of the pleader is therefore not supported by the facts averred. While the bill alleges facts to show that respondent lived with complainant only a very short while after the agreement and the deed were executed, the agreement provided that she should have the right to leave unless complainant kept his promises, and the bill nowhere alleges that he did keep his promises, or that respondent left him without cause, nor does it allege any facts to negative a just cause on her part suffered for leaving him and refusing to longer live with him. Construing the bill most strongly against the pleader, it in legal effect alleges that complainant failed to keep his promises or covenants, and that respondent had the legal right and a just cause for leaving him.

The bill is fatally defective, failing to warrant equitable relief, that prayed or any other. The defects were well pointed out by the demurrer, and the trial court erred in overruling the demurrer.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.