(94 South. 127)

**BALLENGER v. BALLENGER.**
**(7 Div. 227).**

(Supreme Court of Alabama. June 30, 1922.)

**1. Appeal and error ⬤⟿1040(10)—Ruling on demurrer immaterial where decree rested on other features.**

A ruling overruling demurrer attacking the sufficiency of a bill for not alleging facts showing fraud or undue influence in the execution of the deed from complainant to respondent was immaterial where the decree to plaintiff rested on defendant's failure or refusal to substantially perform his obligations under the contract to furnish complainant support as agreed on in the deed.

**2. Deeds ⬤⟿155—Deed held to impose duty on grantee to "look after" his mother in or out of his home; "maintain;" "clothe;" "support;" "take care of."**

Under a deed from complainant to respondent, requiring grantee to "look after" the grantor's "person during her life," and provide for her support, maintenance, and shelter, respondent's duty was to see that the necessities of complainant, his aged mother, in such respects, determined by and applicable to her condition, degree, and circumstances in life, were anticipated and met, not only at his own

home, but also in the cottage to which, because of unpleasantness, she had removed from her domicile with his family, and it was not incumbent upon her to go to his store or home to get what she needed for support and maintenance; for the expressions "take care of," "support," "clothe," "maintain," or "look after" grantors are to be used in their ordinary acceptations as applicable to the condition, degree, and circumstances of life of the contracting parties.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Look After; Take Care of; First and Second Series, Maintain; Support.]

McClellan, J., dissenting.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill by Julia A. Ballenger against J. J. Ballenger, seeking to cancel a deed made by complainant to respondent on consideration of care and maintenance of the grantor by the grantee. From a decree granting the relief prayed, the defendant appeals. Affirmed.

C. A. Wolfes, of Ft. Payne, for appellant.

Fraud, when pleaded, to be availing, must be supported by positively averred facts. 200 Ala. 56, 75 South. 313; 202 Ala. 43, 79 South. 381. Undue influence does not arise from mere relationship; but facts showing actual undue influence must be averred and shown. 201 Ala. 190, 77 South. 716.

Isbell & Scott, of Ft. Payne, for appellee.

Contracts of the kind entered into between the complainant and respondent are looked upon as improvident in their inception, and courts of equity will exercise the power of rescission where justice requires it. 201 Ala. 649, 79 South. 121, L. R. A. 1918F, 353; 202 Ala. 525, 81 South. 27; 80 South. 462.

THOMAS, J. [1] The sufficiency of the bill was challenged by demurrer for failure of averment of facts showing fraud or undue influence in the execution and delivery of the conveyance. Olson v. Olson, 200 Ala. 56, 75 South. 313; McCrory v. Donald, 192 Ala. 312, 314, 68 South. 306; Frederick v. Hartley, 202 Ala. 43, 79 South. 381. Since the decree was rested on another feature of the bill, the issue of fraud or undue influence was decided for respondent, and rulings on demurrers with respect thereto are immaterial on this appeal. The testimony fails to show that undue influence or fraud induced the execution or delivery of the deed, or that, when the deed was executed and delivered, appellant entertained a fraudulent intent not to maintain and support the grantor. The decree of the court below was to this effect.

Relief was rested upon respondent's failure or refusal to substantially perform his obligations under the contract to furnish complainant support, as agreed upon in the deed. Johnson v. Chamblee, 202 Ala. 525, 81 South.

27; Russell v. Carver, 94 South. 128; [1] Woodley v. Woodley, 201 Ala. 662, 79 South. 134; 9 C. J. § 52, p. 1187, note 19. See Bank of New Brockton v. McIntosh, 201 Ala. 649, 79 South. 121, L. R. A. 1918F, 353; McSwean v. McSwean, 204 Ala. 663, 86 South. 646.

[2] Respondent's answer on the issue of fact decided against him by the trial court was that—

"The considerations of said deed are set forth therein, and defendant says that he has not only since the making of said deed looked after the rest of complainant's land and her person until she left him several months ago, but he is able, willing, and ready to continue to look after her property, if she will permit him to do so. Defendant denies as untrue the allegation that he has actually converted the property of the complainant, that he has kept the rents from her, and that he has converted her mule, cow, and $150 in money. Defendant says that he not only provided clothing, food, and good shelter, for her, but he has done everything in his power to look after her as a son should look after and provide for his mother. He positively denies the allegation that he has turned her out in the world to make a living for herself as best she can, or that he has provided no home for her. Defendant says that complainant has left his home through no fault of his. * * *"

He does not aver his readiness and willingness to "look after" complainant's person wherever she chooses to live, as was done and proved in McSwean v. McSwean, supra. Aside from the evidence tending to show the unhappy situation and failure of duty to complainant, respondent testified:

"I further agreed to look after the rest of my mother's land and also her person during her life. Up until the time she left I did that. I provided her with the very best food I had, and with clothing, and with money whenever she wanted it. She just went to the cash drawer and got it whenever she wanted it. She never made a request of me for clothing, food, or money that I failed to grant. I did not run my mother off. I am able to look after her and her property, and willing to do so. I have never been no other way. I have never mistreated my mother, I have never mistreated her in any way. I tried to get her to come back and live in my home. I tried to get her not to go away. My mother from time to time comes to my store and gets supplies. I do not charge her anything for these things. My mother and my wife had a little bit of trouble."

On cross-examination:

"I am satisfied that I have bought her two dresses in four years maybe more than that. I am providing for her some now—as much as she will let me. I provide for her by letting her have anything she wants. I tell her to come there and get it."

The expressions in conveyances such as "take care of," "support," "clothe," "main-

tain," or "look after" grantors are held to be used in their ordinary acceptations as applicable to the condition, degree, and circumstances in life of the parties contracting. McSwean v. McSwean, supra; Eskridge v. Ditmars, 51 Ala. 245. It was respondent's duty under his obligation contained in the deed to "look after" the grantor's "person during her life," to provide for her support, maintenance, and shelter, that is to say, the duty was imposed upon and assumed by him as grantee in the conveyance to see that the necessities of his aged mother—in the respects indicated, and determined by and applicable to her condition, degree, and circumstances in life—were anticipated and met in the cottage to which she had removed from her unpleasant domicile with the son's family, or surroundings with respondent's wife, with whom she did not agree. It was not incumbent on her to come to respondent's store or home to get what she needed as support or maintenance. The consideration stated in the deed imposed on the grantee the active duties of support and maintenance of the mother, in or out of his home, as she might choose to reside. And in this he has failed.

We find no error in the decree of the lower court. It is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, and MILLER, JJ., concur.

McCLELLAN, J., dissents.