(104 So. 393)

### MORROW v. MORROW. (6 Div. 337.)

(Supreme Court of Alabama. May 14, 1925.)

**1. Deeds ⬅︎19, 70(1)—Conveyance founded on love and affection may be annulled for fraud or failure to comply with its terms.**

A conveyance for support and maintenance founded on love and affection may be annulled either for fraud in procurement of conveyance or for failure to comply with its terms and conditions, either precedent or subsequent.

**2. Deeds ⬅︎187—Bill for cancellation of conveyance of real estate, made in return for promise of support and maintenance, held to sufficiently allege breach of agreement.**

A bill for cancellation of conveyance of real estate, alleging that deed provided that defendant was to reasonably provide complainant

with necessities of life but failed and refused to do so, *held* sufficiently to allege a breach of agreement.

**3. Equity ⟜138—That relief prayed for exceeds that warranted by averments in bill does not render bill demurrable.**

Fact that relief prayed for may exceed what averments of bill will warrant does not render same subject to demurrer.

**4. Deeds ⟜187—In bill for cancellation of conveyance, right of grantee to compensation for valuable improvements a defensive matter.**

In bill for cancellation of conveyance of real estate made in return for promise of support and maintenance, questions as to valuable improvements and right of grantee to compensation therefor are essentially defensive matter, and have no bearing on question as to whether bill is demurrable.

Appeal from Circuit Court, Marion County; Ernest Lacy, Judge.

Bill in equity by J. T. Morrow against Davis S. Morrow for cancellation of a conveyance of real estate. From a decree overruling demurrer to the bill, respondent appeals. Affirmed.

Ernest B. Fite and C. E. Mitchell, both of Hamilton, for appellant.

Complainant may not have an accounting for rents and income while the lands were under appellee's control. The averments of the bill are insufficient to authorize relief.

I. D. Hobbs, of Hamilton, for appellee.

The bill is not demurrable because of the prayer for an accounting. The averments are sufficient to entitle complainant relief. Ballenger v. Ballenger, 208 Ala. 147, 94 So. 127; Russell v. Carver, 208 Ala. 219, 94 So. 128; Barkley v. Boyd, 211 Ala. 50, 99 So. 196; Johnson v. Chamblee, 202 Ala. 525, 81 So. 27; Mooney v. Mooney, 208 Ala. 287, 94 So. 131; McClellan v. McClellan, 203 Ala. 514, 84 So. 750; Frazier v. Frazier, 211 Ala. 176, 100 So. 118.

ANDERSON, C. J. [1, 2] It is settled by the decisions of this court that either for fraud in the procurement of the conveyance, or for a failure to comply with its terms and conditions, either precedent or subsequent, a conveyance, founded upon love and affection, support, and maintenance, etc., may be annulled for a breach thereof. Ballenger v. Ballenger, 208 Ala. 147, 94 So. 127; Russell v. Carver, 208 Ala. 219, 94 So. 128. Indeed, this doctrine is not questioned in brief of appellant's counsel, but it is contended that the bill fails to charge such a breach as would authorize an annulment of the deed. The bill sets out that the deed provides for a reasonable support; that is, that respondent was to reasonably provide complainant with the necessities of life and in such manner as he could reasonably expect according to his manner and mode of life. The bill further charges that respondent has for the last eight months failed and refused to provide complainant with the necessaries of life, although called upon to do so. We think this a sufficient averment of the breach of the agreement, and that it is not faulty for being a mere conclusion. True, the bill charges that the treatment of respondent and his children caused complainant to abandon the home of respondent, but this was superfluous, as the contract did not require or obligate complainant to remain at the home of respondent as a condition or method of support. Ballenger v. Ballenger, supra.

[3] Whether the complainant is or is not entitled to an accounting as an incident to the relief sought, and as prayed for in the bill, did not render the same subject to demurrer. The fact that the relief prayed for may exceed what the averments of the bill will warrant does not render the same subject to demurrer. Wilks v. Wilks, 176 Ala. 151, 57 So. 776.

[4] Counsel in brief make allusion to valuable improvements and the right of the vendee to compensation therefor. This is essentially defensive matter and has no bearing upon the questions presented by this appeal.

The trial court did not err in overruling the demurrer to the bill, and the decree of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.