145 So. 472

## HUNTER v. WATTERS.

### SAME v. WATTERS et ux.

### 6 Div. 191, 192.

Supreme Court of Alabama.

Jan. 12, 1933.

Rehearing Denied March 2, 1933.

176

Hiram Dodd, of Birmingham, for appellees.

J. B. Ivey, of Birmingham, for appellants.

KNIGHT, Justice.

By agreement of all parties these two cases were consolidated, and heard at the same time by the chancellor, presumably for convenience and expedition. They are, however, entirely dissimilar in all respects as regards the applicable principles of equity, and while the complainant is the same person in each case, yet the defendants are different in the two cases.

■■ Ordinarily, this court will not entertain an appeal from two separate judgments on one and the same appeal. United States F. & G. Co. v. Benson Hardware Co., 222 Ala. 429, 132 So. 622. Yet in view of the consolidation of the causes in the court below, and the appeal was here submitted without objection, or motion to dismiss, we will consider the cas-

es as properly presented. In taking this position, we are but following precedent here established. R. L. Parsons Lbr. & Mfg. Co. v. Farrior et al. (Ala. Sup.) 141 So. 696;[1] Kelly v. Deegan, 111 Ala. 152, 20 So. 378, 379. For other authorities on the subject, see Mobile Imp. & Bldg. Co. v. Stein, 158 Ala. 113, 48 So. 368, 17 Ann. Cas. 288; Fulton v. State, 170 Ala. 69, 54 So. 165; Decatur Land Co. v. City of New Decatur, 198 Ala. 293, 73 So. 509.

We will first consider the appeal in the case of G. S. Hunter v. D. S. Watters et ux., numbered 29869 on the docket of the court below.

The bill in this cause was filed by appellees to annul a mortgage executed to appellant by the appellees, husband and wife. A copy of the mortgage is exhibited with the bill, and by appropriate pleading is made a part of the same.

The recited consideration of the mortgage is an alleged indebtedness on the part of the mortgagors to this appellant, and the mortgage recites that the indebtedness is evidenced by a promissory note, dated September 27, 1928, and payable three years after date. By this mortgage a certain tract of land in Jefferson county, Ala., upon which the mortgagors resided at the time, was conveyed to appellant G. S. Hunter as security for the debt.

The appellees aver in their bill that the lands constituted their homestead (but the value of the same is not stated), and that "the respondent represented to complainants that, if complainants would execute to respondent a fifteen hundred dollar mortgage on said property, respondent would provide complainants with the necessities of life for the remainder of their lives."

It is also averred in the bill that Polly Ann Watters, the wife of said D. S. Watters, "did not willingly sign said mortgage; that her acknowledgment was not taken separate and apart from her husband; that her husband was present when her separate acknowledgment was taken."

By the fifth paragraph of the bill it is averred and charged: "The complainants represent unto your honor that after said mortgage was executed the respondent did not provide the complainants with reasonable necessities of life but requested them to move from his home shortly thereafter and has failed since that time to contribute anything to complainants' support, and is so failing at the present time."

The said G. S. Hunter and D. S. Watters are brothers-in-law, their wives being sisters.

To the bill, the said G. S. Hunter filed many grounds of demurrer. The main grounds pressed upon our attention, in brief, are that the bill is without equity, and that complain-

ants have an adequate remedy at law. No other grounds are discussed.

■■ We are not impressed that there is merit in the demurrer. The demurrer is addressed to the bill as a whole, and to each "count" thereof separately and severally. As we have uniformly held, a demurrer so addressed goes to the bill as a whole and not to any particular phase of the same.

In our recent cases, we have held that either for fraud in the procurement of the conveyance, or for a failure to comply with its terms and conditions, either precedent or subsequent, a conveyance founded upon love and affection, support and maintenance, etc., may be annulled for a breach thereof. Ballenger v. Ballenger, 208 Ala. 147, 94 So. 127; Russell v. Carver, 208 Ala. 219, 94 So. 128; Morrow v. Morrow, 213 Ala. 131, 104 So. 393.

In support of his demurrer the appellant cites, among other authorities, the case of Gardner v. Knight, 124 Ala. 273, 27 So. 298. There was a time when that case was an authoritative expression of the law in this jurisdiction, but appellant's counsel overlooks the fact that this case, on this particular point, was long since overruled by this court.

■ We are also of the opinion that section 8046 (Code) is broad enough to include, within its terms, conveyances by way of mortgages, as well as conveyances absolute in terms.

The court committed no error in overruling respondent's demurrer, as for any grounds assigned.

■ The mortgage recited an existing indebtedness due by complainants to said G. S. Hunter, and while it is, of course, permissible to show the true consideration, the burden of averment and proof is upon the complainants. They must aver, and prove to the reasonable satisfaction of the court, that the true and real consideration of the mortgage was that said G. S. Hunter would provide complainants with the necessaries of life; and also that the said G. S. Hunter had breached his said agreement.

■ We have, with much care, read and considered the evidence in this case, and we have been forced by the overwhelming weight of the testimony to the conclusion that the mortgage assailed truly recites the real consideration, and that it was executed under the following state of facts: The said D. S. Watters desired to sell the lands upon which he resided, and to reinvest the proceeds in other lands; that he was under the impression he had arranged a sale of his homestead to a Dr. Martin; that he then, with that sale in view, negotiated with a Mr. Abbott, through Abbott's agent, Pete Hickman (now dead), for the purchase of an unimproved tract of land, containing between five and six acres, at an agreed price of $1,560. Watters then paid to Abbott $100 of the agreed price

[1] 225 Ala. 61.

to "bind the trade." It was then that Watters' sale of his home place to Dr. Martin failed of consummation. At that time Watters had only about four or five hundred dollars in cash, and was unable to carry out his purchase of the Abbott land. Believing that he would lose his initial payment of $100 unless he carried out his trade with Abbott, Watters in that extremity appealed to his brother-in-law, G. S. Hunter, to join him in the purchase from Abbott; each to put up one-half the purchase price. It was finally agreed that Hunter and Watters would jointly purchase the property and build a residence on it, to be occupied jointly by their families. It was estimated that, to purchase the property, and build a residence on it, and make other necessary improvements, it would require an outlay of money to the amount of $4,000. Of this required amount Watters had only $500, including the $100 theretofore paid to Abbott. It was thereupon agreed that Hunter should put up all the money to complete the purchase from Abbott, except $500 which was paid by Watters, and also that Hunter should put up the money for the improvements to be made on the property; the total estimated at $4,000. The amount to be contributed by each was $2,000. Hunter, pursuant to his agreement with Watters, advanced the latter $1,500 to cover his part of the purchase price of the land and improvements. The note and mortgage (assailed in this cause) was executed, pursuant to agreement, to secure the repayment to Hunter of the money so advanced by him. The deed was executed by Abbott to Hunter and Watters jointly and the improvements were made on the land as contemplated in the agreement.

A careful reading and consideration of the evidence leaves no room to doubt that the above are the real facts in the case. The mortgage was not, as averred in the bill, executed upon the consideration of support and maintenance, but it was given to secure money actually paid out by Hunter for Watters at the latter's request. It only remains to be said that the residence was constructed on the Abbott place, after it was bought by Hunter and Watters, and complainant and wife, along with Hunter and wife, lived in the residence for about a year, when Watters became dissatisfied with the purchase, without fault on the part of appellant, and moved back to his old homestead, upon which he had given the respondent-appellant the mortgage now assailed.

Complainants have failed to carry the burden of proof required of them in this aspect of their case.

There is nothing whatever in the contention that complainant's wife, Polly Ann Watters, did not willingly sign the mortgage, or that there was, in fact, no separate acknowledgment thereto by her. The evidence is overwhelmingly against this asserted equity. We are sure it was an afterthought, and a miserable subterfuge.

We are at the conclusion the court erred in granting relief to complainants in this cause. We hold that the mortgage is a *valid*, *legal* and subsisting lien upon the property in favor of appellant Hunter.

The decree of the circuit court granting relief to complainants in this cause (which is as above stated numbered 29869 on the equity docket of the circuit court of Jefferson county), and in annulling and canceling said mortgage, will be reversed, and a decree here rendered dismissing the bill of complaint.

Reversed and rendered.

We will now take up case No. 29868 (lower court), Leroy Hunter v. D. S. Watters et ux.

█ It is averred in the bill in this cause that the complainant D. S. Watters owned a one-half undivided interest in the lands described in paragraph 4 thereof; that complainant and his wife had previously executed a mortgage on his home place described in paragraph 2 of the bill to G. S. Hunter, father of respondent, Leroy Hunter; that the real consideration of this mortgage was an agreement of the mortgagee to provide complainant and his wife with the "necessities of life." This mortgage was executed on September 27, 1928, and was due and payable three years from date.

It is further averred that "on or about the month of July, 1929, the respondent, who is the son of G. S. Hunter, represented to complainant that he would pay off the said fifteen hundred dollar mortgage, which has been heretofore described herein, if complainant would convey to him his one-half interest in the following described property." Then follows a description of the lands.

And the bill continues: "The complainant represents unto your honor that he executed a deed to his undivided one-half interest in said property; that this respondent has failed to pay off the said fifteen hundred dollar mortgage and has left the state of Alabama." It is also averred that this deed has not been recorded. Complainant offers to do equity "in the manner as the honorable court may see or desire."

Complainant prays that said deed may be declared null and void, and that it be decreed that the respondent has no right, title, or interest in and to the property, which complainant conveyed to him, and for general relief. The bill is loosely drawn.

The respondent demurred to the bill upon many grounds, among the number, that the bill was without equity. This demurrer was overruled by the court, and upon final hearing the court granted the relief prayed for, and annulled the deed. However, in the de-

cree, in the consolidated cause, the court ordered and directed the complainant and his wife to convey the land to G. S. Hunter.

In the statement of the case, as one for cancellation of the deed, and a rescission of the contract, the complainant states his case out of court. There is no provision whatever in the deed that it should become null and void upon the failure of the grantee to pay the purchase price of the land when due, nor is there any other provision in the instrument whereby, upon such failure, the title to such property should revert to the grantor, the said D. S. Watters. Nor is any fraud or misrepresentation imputed or charged against the said grantee. Nor does the averment that the said Leroy Hunter "has left the State," standing alone, aid the pleading, for, non constat, his leaving may have been temporary, and he may have, for aught averred, ample property within the state, out of which his undertaking might be enforced. Burkett v. Munford, 70 Ala. 423. The court has by its decree interpolated into the deed, by judicial construction, a condition subsequent, where there is none, and which cannot be done. Matthews et al. v. Dowling et ux., 54 Ala. 202.

Certainly if, instead of the agreement to pay the purchase price to a third person, the grantee's agreement was to pay the grantor a stipulated amount of money, and the grantor, in the event of a failure to pay the agreed price in such case, would not be authorized to proceed in a court of equity to have the deed annulled and canceled, it would follow, as a matter of course, that the grantor in this case would be in no better position to claim a cancellation. The remedy of the grantor would be upon the undertaking, either in a court of law, or in equity for the enforcement of the lien, which equity works out in favor of vendors of land, where no other independent security is given. This, upon the principle that it would be inequitable for the purchaser to hold the lands, and not pay for the same. Knight v. Knight, 113 Ala. 597, 21 So. 407.

No doubt, with proper amendment to the bill, if the facts justify it, the complainant can assert a vendor's lien upon the land to enforce payment of the agreed purchase price. But as a bill for cancellation, it is without equity. Nor was complainant, under the averments of the bill, and his prayer for general relief, entitled to a decree enforcing in his behalf a vendor's lien upon the land. As such a bill, it is defective in not averring that the debt, which respondent assumed to pay, had matured, or that respondent had failed to pay the same within the time agreed upon. Dowling et al. v. McCall, 124 Ala. 633, 26 So. 959.

The averments of the bill must be construed most strongly against the pleader, and it is nowhere averred in the bill that the debt, which respondent agreed to pay, had matured, or that he promised and agreed to make the payment at an earlier date, and had failed to do so.

As a matter of fact the mortgage, which, according to the averments of the bill, respondent agreed to pay, did not mature until the next day after the present bill was filed.

It follows that the decree of the circuit court must be reversed in this case, and a decree will be here rendered sustaining the respondent's demurrer, and remanding the cause, that complainant may amend his bill, if so advised.

The decree directing D. S. Watters and wife to convey the lands described in paragraph 4 of the bill to G. S. Hunter is also reversed. Upon what rule of law, or principle of equity, said direction and order for the conveyance to G. S. Hunter of said lands was made, we confess we cannot see. It is certain that there is nothing in the pleadings to warrant such an order.

Reversed, rendered, and remanded.

Reversed and rendered as to case numbered 29869 in the lower court, and reversed, rendered, and remanded as to case numbered 29868 in the lower court.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

