177 So. 341

## BUSH et al. v. GREER.
### 5 Div. 264.

Supreme Court of Alabama.
Dec. 2, 1937.

Jacob A. Walker, of Opelika, for appellee.

J. B. Hicks, of Phenix City, for appellants.

58

**GARDNER, Justice.**

Complainant seeks the cancellation of a deed executed by her in April, 1937, to W. H. and Ethel Bush, alleging that a material part of the consideration for said conveyance was the agreement of the grantees to support complainant, the grantor, during her life. The allegations of the bill bring the case within the provisions of section 8046, Code of 1923.

Defendants vigorously attack the constitutional validity of this Code section. It is argued that under the terms thereof a deed so executed is voidable and not void, and that of consequence the grantees acquired a vested interest in the property conveyed. And following in logical sequence, it is insisted that to permit a cancellation of the deed at the mere option of the grantor would be depriving the grantee of his property rights, without due process of law.

There would be much force to the argument if such a statute were given a retroactive effect, but such is not the case. In Cox v. Hutto, 216 Ala. 232, 113 So. 40, 42, this court was careful to observe that "in no event could that statute be construed to impair the obligation of contracts existing at the time it became effective." At the time these defendants accepted the deed of complainant, this statute was in force, and the legal principle, that every contract is made with reference to existing law and every law affecting the contract is read into and becomes a part of the contract when made, is directly applicable. 5 Alabama Digest, Contracts, 167; 13 Corpus Juris 560.

The grantees in such a conveyance, therefore, accept the same with the limitations of the statute written into it, and with full knowledge of the rights of the grantor, and the consequent defeasible character of the instrument.

The argument that such a statute destroys the right of contract is but a challenge to the power of the Legislature to enact a statute of this character. But it needs no extended discussion to disclose that such a statute comes well within the police power and is a proper exercise thereof.

The books abound with cases where the aged, weak, or afflicted had improvidently executed conveyances upon the promise of support. Johnson v. Chamblee, 202 Ala. 525, 81 So. 27; Russell v. Carver, 208 Ala. 219, 94 So. 128; Ballenger v. Ballenger, 208 Ala. 147, 94 So. 127; Morrow v. Morrow, 213 Ala. 131, 104 So. 393; Hunter v. Watters, 226 Ala. 175, 145 So. 472; 18 Corpus Juris 169.

Frequently there was injustice and fraud, but often this was difficult of proof, and the grantor led into the transaction by the tempting promise of food and shelter. The lawmakers considered this a growing evil, and the statute was passed as declaratory of a public policy, and well within the police power of the state.

The succeeding statute (section 8047, Code) is another illustration of the exercise of police power of the state over the right of contract as here argued. Monarch Refrigerating Co. v. Faulk, 228 Ala. 554, 155 So. 74. Numerous instances are noted in 12 Corpus Juris 920. See, also, Wester v. State, 147 Ala. 121, 41 So. 969.

As stated by the Supreme Court of the United States in the recent case of West Coast Hotel Co. v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 582, 81 L.Ed. 703, 108 A.L.R. 1330, "freedom of contract is a qualified, and not an absolute, right. * * The guaranty of liberty does not withdraw from legislative supervision that wide department of activity which consists of the making of contracts, or deny to government the power to provide restrictive safeguards." But we need not further pursue the discussion.

The argument against the statute upon these grounds is untenable.

Defendants also strenuously urge the invalidity of the statute upon the theory that it was first inserted in the Code by the Code Committee, and that this was without authority of law. Counsel presents an earnest argument against the insertion of any new matter into a code by a joint committee of the two houses of the Legislature, and insists that separate bills should be prepared and presented for any new legislation, a course recognized as entirely proper by the writer of the opinion in Gibson v. State, 214 Ala. 38, 106 So. 231, 235. But in the Gibson Case, supra,

the rule was distinctly recognized that new matter "embodied in the Code, is, by the act adopting the Code, enacted into law." And such has been the rule since our earlier history. Dew v. Cunningham, 28 Ala. 466, 65 Am.Dec. 362; Bales v. State, 63 Ala. 30; Bluthenthal v. Trager, 131 Ala. 639, 31 So. 622; State v. Towery, 143 Ala. 48, 39 So. 309; Smith v. State, 223 Ala. 346, 136 So. 270.

 By the Act of August 17, 1923 (Gen. Acts 1923, p. 127), the work prepared by the Code Commission, "is, as the same has been revised, amended, corrected, and reported by the joint committee of the two houses of the Legislature, which is shown upon the sheets of manuscripts signed by the chairman, and members of the joint committee, adopted and enacted as the Code of Alabama, and shall regulate completely, so far as a statute can, the subjects to which it relates." Section 1. The procedure adopted under laws of substantial import was followed as outlined for the Code of 1896, considered in State v. Towery, 143 Ala. 48, 39 So. 309, wherein was the following language: "It is the settled law of this state that the Code of Alabama, adopted as was the present Code of 1896, is not a mere compilation of the laws previously existing, but is a body of laws duly enacted, so that laws which previously existed ceased to be law when omitted from said Code, and additions which appear therein become the law from the approval of the act adopting the Code. Dew v. Cunningham, 28 Ala. [466], 467 [65 Am.Dec. 362]; Hoover v. State, 59 Ala. 57; Bales v. State, 63 Ala. 30; Ex parte Thomas, 113 Ala. 1 [21 So. 369]; Builders' & Painters' Supply Co. v. Lucas & Co., 119 Ala. 202, 210, 24 So. 416."

Our decisions are therefore clear and emphatic in support of the conclusion that the adoption of the Code, as above indicated, carried with it section 8046 as a valid enactment from the day the Code became operative. Bales v. State, supra. Inferentially at least, a number of our decisions have recognized this section as a part of the Code, and its validity has been assumed. Hunter v. Watters, 226 Ala. 175, 145 So. 472; Cox v. Hutto, 216 Ala. 232, 113 So. 40; Bank of Hartford v. Buffalow, 217 Ala. 583, 117 So. 183; Woods v. Wright, 223 Ala. 173, 134 So. 865; Lewis v. Owen, 231 Ala. 480, 165 So. 229; Phillips v. Sipsey Coal Co., 218 Ala. 296, 118 So. 513.

We have considered the several matters urged by counsel in brief, and are persuaded the statute is valid and that of consequence the assignments of demurrer were not well taken. This accords with the chancellor's view, and his decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.