PATTERSON, Judge.
Appellant, Walter Luckie, filed a petition for writ of habeas corpus in the Limestone County Circuit Court on May 21, 1986, seeking his immediate release from confinement in the Alabama prison system. Counsel was appointed on May 23 to represent him, and the petition was set for hearing on June 5. On May 26, the State filed a motion to dismiss the petition on the ground that it failed to state a claim for which relief could be granted. The case was continued on June 5 to July 9. On June 26, the State filed a motion for summary judgment; on July 9, the case was again continued to July 21; and on July 21, it was continued to August 11. On August 11, the trial court entered the following order:
“This day in open Court came the parties by their Attorneys and the Defendant’s Motion for Summary Judgment filed on June 26, 1986, coming on to be heard and being argued by counsel and understood by the Court:
“It is ORDERED AND DECREED by the Court the disciplinary of December 5, 1985, rule 44 is due to be remanded to the committee for further proceedings, and failure to rehear the disciplinary promptly will result in it being held void.”
The record does not disclose the reasons for the trial court’s action. The brief filed by the attorney general on November 13, 1986, advises us that the matter is still pending before the “committee,” and he contends that for that reason, the case is not properly before us for review. As of the date of this opinion, we have not been advised that the “committee” has taken any action. Appellant appeals from the above order of the circuit court remanding the case to the “committee” for further proceedings.
The record shows that appellant was convicted in 1972 for the crime of murder in the second degree and was sentenced to thirty years in the penitentiary. He apparently had an exemplary record, amassing sixteen years of good time, and was scheduled for release from prison on November 17, 1985, the expiration date of his sentence. Three days prior to his release date, November 14, 1985, a disciplinary action was lodged against him, charging him with violation of Rule 44 of the prison regulations, i.e., making “threats.” After a hearing on November 15, 1985, he was found guilty by a prison disciplinary board or committee and ordered to forfeit five years of the incentive good time which he had accumulated. This proceeding was set aside by the prison department on grounds of “due process,” which was not explained in the record, and the disciplinary hearing was held again, or “reinstated,” as the procedure is called in the prison system, on December 11, 1985. Appellant was found guilty again at this hearing and ordered to forfeit four years of his good time; be removed from good time earning status; lose store, telephone, visitation, and correspondence privileges for thirty days; and serve ten days in disciplinary segregation. Appellant exhausted his rights of administrative appeal from this decision, and filed his petition for writ of habeas corpus.
He grounds his petition on allegations of denial of due process, lack of evidence to support the disciplinary action, and violation of the prison regulations by the disciplinary board or committee. Not knowing the basis of the trial judge’s order, we elect not to address appellant’s allegations at this time. We note, however, after carefully reading the record, that the evidence of threats was weak. The disciplinary board had before it two letters, which had been written by appellant to his mother-in-law. These two letters, plus certain hearsay testimony, constituted the basis of the charge. The letters did not contain direct threats, and the findings of the prison department investigation were that “no concrete threats were made and it would be difficult to bring any administrative actions against *872 him on the face of the letters.” It appears that the disciplinary action against appellant was precipitated by action taken by the Victims Service Unit of the Montgomery County District Attorney’s Office at the urging of appellant’s mother-in-law, who was concerned about appellant’s imminent release from prison. A letter from this agency, dated September 24, 1985, and addressed to the attorney general, made reference to the letters and stated, “We request that the Department of Corrections take away some of this defendant’s sixteen years ‘good time’ for writing these letters.” The prison department investigators, in a memorandum to the director of the Investigation and Inspection Division of the Department of Corrections, dated November 8, 1985, stated, “[T]he possibility exists that some of inmate Luckie’s good time should be revoked in a disciplinary hearing....”
While the record is incomplete in some respects, it contains enough to subject the actions of the prison authorities and others to the gravest interpretations. The circumstances could easily suggest that the proceedings were contrived to keep appellant in prison beyond the end of his term because of the urging of his family and others. It gives concern that the proceedings appeared to be rushed up and occurred just three days before the full completion of appellant’s thirty-year sentence. In reporting on their investigation on November 8, 1985, the State investigators seemed concerned that appellant was about to be released from prison without “supervision.” The investigators stated the following: “Inmate Luckie is scheduled to be released from prison on the 17th of November, 1985, which is his minimum release date. If inmate Luckie is indeed released on that date, he will be released with absolutely no supervision.” We fail to see what supervisory responsibility the prison department would have over prisoners who have served their full terms and been released.
The writ of habeas corpus is granted in order to enable a citizen, who is restrained of his liberty, to have a speedy investigation into the cause of his detention and to secure his release, unless he is lawfully detained. Ala. Const. Art. I, § 17; Ala. Code §§ 15-21-1 through 34. The “suspension” of the writ, which is prohibited by our constitution, means the denial to the citizen of the right to demand an investigation into the cause of his detention. When this right is accorded him, all that he has a right to demand is that his case be investigated, according to the usual mode of procedure in the courts of justice, and that justice shall be administered, without sale, denial, or delay. State v. Towery, 143 Ala. 48, 39 So. 309 (1904). The writ cannot be bound down by technical pleading, nor its swift and effective relief hindered by captious objection or finespun theories of procedure. Barton v. City of Bessemer, 27 Ala.App. 413, 173 So. 621 (1936).
It cannot be reasonably contended in the case before us that appellant has been accorded his constitutional right to have the cause of his detention investigated without delay.
We, therefore, remand this case to the trial court with instructions that a hearing be held forthwith, and that the proper officials of the State having custody of appellant be required to appear before the court and show cause, if any they have, why the order of the trial court of August 11, 1986, has not been complied with, and why the writ should not issue ordering the immediate release of appellant from confinement. We direct that this hearing be held within thirty days from the date of this order, and that upon completion of the hearing and actions of the trial court, a return be made to this court setting out the findings, actions taken, and the reason the trial court remanded the case to the disciplinary committee on August 11, 1986.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
ON REMAND
PATTERSON, Judge.
This case was remanded with instructions to the trial court for further proceed *873 ings. The trial court has complied with our instructions and filed a copy of its final decree with this court, which we consider as a return to remand.
In compliance with our order, the trial court held a hearing on January 6, 1987. As a result of the State’s failure to explain its disregard for the trial court’s order, the court declared the action of the prison disciplinary committee of December 5, 1985, to be null and void. Upon its finding that appellant was being illegally restrained of his liberty and entitled to release, the trial court granted the writ of habeas corpus prayed for, and ordered appellant’s immediate discharge.
The relief sought by appellant in his petition having been granted, the matters raised in this appeal have become moot. Accordingly, this appeal is due to be dismissed.
DISMISSED.
All Judges concur.