BRADLEY, Presiding Judge.
This is a workmen’s compensation case.
Plaintiff, Laura Hodges, (hereinafter referred to as “plaintiff”) was allegedly injured while employed by defendant, Rheem Manufacturing, (hereinafter referred to as “defendant”) on October 4, 1984. On October 3, 1986 the plaintiff filed suit against the defendant, seeking workmen’s compensation benefits pursuant to the Alabama Workmen’s Compensation Act. See, §§ 25-5-1 through -231, Code 1975.
On November 26, 1986 the defendant made a motion for summary judgment on the basis that the plaintiff had failed to file her complaint within the time specified by the applicable statute of limitations. At the time of the accident from which plaintiffs injury arose on October 4, 1984, the statute of limitations governing workmen’s compensation cases provided that all claims for compensation would be barred unless suit was filed within one year of the date of the accident. On February 1, 1985, however, the Alabama legislature amended the applicable statute of limitations to provide for a two-year limitations period. See, Act 85-41, 1984 Ala. Acts, 2nd Ex.Sess.
On December 15, 1986 the Circuit Court of Jefferson County, Alabama granted the defendant’s motion for summary judgment. The plaintiff now appeals from this order and argues that the circuit court erred in holding that the one-year statute of limitations barred her claim. More specifically, the plaintiff contends that the two-year statute of limitations as codified in § 25-5-80, Code 1975, governs her claim. The defendant, on the other hand, argues that the old one-year statute of limitations, rather than the newly enacted two-year statute of limitations applies to the plaintiff’s claim. We conclude that the two-year statute of limitations applies in this case.
The principle is well settled that a statute of limitations in effect at the time a suit is filed, as opposed to the one in effect at the time the claim arose, applies to a cause of action unless the later statute of limitations clearly indicates the contrary. See, Street v. City of Anniston, 381 So.2d 26 (Ala.1980).
Section 14 of Act No. 85-41 expressly provides that the two-year statute would have no effect on the right of any injured employee to bring an action against his or her employer if the injured employee’s claim arose prior to February 1, 1985. However, section 14 of Act 85-41 has been omitted from the Alabama Code, which is the codified version of the Alabama Acts. See, § 25-5-80, Code 1975 (1986 Repl. Vol.).
As a general rule, when an act of the Alabama legislature is incorporated into the Code of Alabama by another act of the legislature, the act incorporated into the Code becomes the prevailing law and all prior statutes are no longer in effect. See, Bush v. Greer, 235 Ala. 56, 177 So. 341 (1937). Thus, section 25-5-80 of the Code, which omits section 14 of Act 85-41, is the prevailing law relating to statutes of limitation in workmen’s compensation cases. Section 25-5-80, as presently written, does indicate a legislative intent that the two-year statute of limitations applies to causes of action arising prior to February 1, 1985.
In the present case the plaintiff’s claim arose on October 4, 1984, and she filed her complaint on October 3, 1986. It is apparent that the complaint was filed within two years of the time the claim arose.
Because this court is unable to ascertain any contrary legislative intent, we are bound to conclude that the new two-year *631 statute, as provided in section 25-5-80, Code 1975, rather than the old one-year statute, applies to this cause. For this reason, the circuit court erred in granting the defendant's motion for summary judgment on the basis that the plaintiff’s claim was time-barred.
We, therefore, reverse the summary judgment entered on behalf of defendant, Rheem, and remand the cause for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
HOLMES and INGRAM, JJ., concur.