PER CURIAM.
We granted the employer’s request for review of the judgment of the Court of Civil Appeals reversing the trial court’s ruling that the employee’s claim for workmen’s compensation was barred by the one-year statute of limitations. Laura *632 Hodges was allegedly injured on October 4, 1984, by an accident arising out of and in the course of her employment and causing permanent disability.
Between the date of Hodges’s injury and the date suit was filed, the Alabama Legislature enacted amendments (Alabama Acts 1984-85, No. 85-41) to the Alabama Workmen’s Compensation Act (Ala.Code 1975, § 25-5-1, et seq.) that lengthened the applicable limitations period from one to two years. Section 14 of the Act governed the application of the amended limitations period:
“Section 14. This act shall become effective immediately upon its passage and approval by the governor, or upon its otherwise becoming a law, provided it shall have no effect whatsoever with respect to the right of any injured employee to bring an action with respect to or upon any cause of action which arose or accrued prior to February 1, 1985. Provided further, it shall have no effect on and shall not apply to any accident or exposure to injurious condition occuring before the effective date of this Act.”
Section 14 is not codified; however, § 25-5-80, the limitation period for claims or actions for compensation, states that “all claims ... shall be forever barred unless within two years after the accident ... one of the parties shall have filed a verified complaint as provided in section 25-5-88.” Rheem moved the trial court for summary judgment, stating that Hodges’s complaint was time-barred under the prior one-year statute of limitations for workmen’s compensation claims. Rheem argued that the amended two-year limitation codified in § 25-5-80 was inapplicable to Hodges’s complaint, because the cause of action accrued prior to February 1, 1985, the effective date of the amendment. The trial court agreed and found Hodges’s complaint to have been time-barred as of October 4, 1985. Rheem’s motion for summary judgment was granted.
Hodges appealed to the Court of Civil Appeals, arguing that § 25-5-80 governed her complaint and that it was timely when filed on October 3, 1986. The Court of Civil Appeals reversed and remanded, reasoning that, because § 14 of the Act had not been codified in § 25-5-80, that section, “as presently written, does indicate a legislative intent that the two-year statute of limitations applies to causes of action arising prior to February 1, 1985.” The Court of Civil Appeals concluded that Hodges’s complaint was filed within the applicable limitations period. It is from this decision that Rheem filed its petition for certiorari.
The Court of Civil Appeals relied on Bush v. Greer, 235 Ala. 56, 177 So. 341 (1937), as authority for its statement that “[a]s a general rule, when an act of the Alabama legislature is incorporated into the Code of Alabama by another act of the legislature, the act incorporated into the Code becomes the prevailing law and all prior statutes are no longer in effect.” Bush v. Greer, quoting from State v. Towery, 143 Ala. 48, 49, 39 So. 309, 310 (1904), states, in pertinent part:
“ ‘It is the settled law of this state that the Code of Alabama, adopted as was the present Code of 1896, is not a mere compilation of the laws previously existing, but is a body of laws duly enacted, so that laws which previously existed ceased to be law when omitted from said Code, and additions which appear therein become the law from the approval of the act adopting the Code.’ ”
Bush v. Greer, 235 Ala. at 59, 177 So. at 342. See, also, Lewis v. Hitt, 370 So.2d 1369 (Ala.1979).
If § 14 of the Act survives its omission from the Act’s codification, then its legal effect is clear in three aspects: 1) It establishes the amendment’s effective date of February 1, 1985; 2) it reserves the right of the injured employee to bring an action upon any cause of action that had accrued before the Act’s effective date; and 3) it provides that the Act shall not apply to any accident occurring before the Act’s effective date. Unquestionably, then, the employee’s claim is barred by the one-year *633 statute of limitations, unless § 14 lost its validity due to its omission from the Code.
We hold that the failure of the publisher (the Michie Company) to incorporate § 14 into the Code did not affect its validity. The arguments of counsel for both the employer and the employee evidence a common misunderstanding of the codification process, which obviously misled the Court of Civil Appeals. Indeed, the general rule stated in Bush, supra, which is still good law, has no application to the issue here presented.
Section 14, dealing with the effective date of the Act, preserving already accrued causes of action, and restricting the Act’s application to causes of action arising after the Act’s effective date, belongs in that category of provisions that customarily are not codified but remain viable and applicable provisions of the legislative enactment. In such cases, it is customary for Michie (which, incidentally, is Alabama’s designated “code commissioner”) to include a code commissioner’s note, referring to the omitted provision, which was done in this instance. (See annotation following § 25-5-80.) And this is true notwithstanding the fact that the legislature, by a subsequent act, may adopt the codification of its former enactment as the prevailing law.[2] Other such omitted provisions, whose validity is unaffected, include local laws, severability clauses, and repealer clauses.[3] The three material provisions of § 14 are commonly referred to as “transitory” clauses and are purposefully omitted from the Act’s codification because of their temporary nature and relevance.
The judgment of the Court of Civil Appeals is reversed.
REVERSED AND REMANDED.
All the Justices concur.

. In recent years, the adoption of Michie’s codification, by subsequent legislative act, has become a routine procedure. See, for example, 1987 Cumulative Supplement to Vol. 1, Ala.Code 1975, for acts adopting each supplement beginning with 1977.

. For a case referencing the severability clause of Act 85-41, see Reed v. Brunson, 527 So.2d 102 (Ala.1988).